ROY DAVIS v. THE STATE.

No. 6220.   Decided April 27, 1921.

Rehearing granted June 1, 1921.

**1.—Theft—Requested Charge—Practice on Appeal.**

Upon appeal of theft of property over the value of $50, there was no error in refusing the peremptory instructions to acquit.

**2.—Same—Evidence—Declarations of Third Parties—Res Gestae.**

Upon trial of theft of sixty-eight bushels of wheat, there was no error in permitting the State's witness to state that the parties who delivered the Wheat to the elevator told him it was the property of the injured party; under the facts of the case, the same being *res gestae*; nor was there error in admitting testimony to estimate the number of bushels delivered to the elevator by the amount of money that he received.

3.—Same—Rehearing—Circumstantial Evidence—Insufficiency of the Evidence. Circumstantial Evidence.

Where upon trial of the theft of sixty-eight bushels of wheat, the evidence was wholly circumstantial and showed a failure of fraudulent taking, or to identify the property, the same was insufficient to sustain the conviction.

4.—Same—Inferences of Guilt—Rule Stated.

It is not competent to use against the accused the inference that may be drawn from the absence of testimony available to the State, and which, if favorable, would be to the interest of the State to introduce. Following Wilkie v. State, 83 Texas Crim. Rep., 490, and other cases.

5.—Same—Identity of Property—Insufficiency of Evidence.

There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against the accused, and in the instant case this was not done, and the conviction could not be sustained.

Appeal from the District Court of Randall. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Knight, Russell & Griffin,* for appellant.—Cited Howard v. State, 32 S. W. Rep., 544; Wade v. State, 35 id., 663; Davis v. State, 152 id., 1094; Moore v. State, 208 id., 918; Mattison v. State, 228 id., 951.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was tried for the theft of sixty-eight bushels of wheat, alleged to have been the property of Embry Finley, convicted, and his punishment assessed at confinement in the penitentiary for two years, from which judgment he appeals.

No exceptions were urged to the charge of the court, and no special charge requested, except one which was a peremptory instruction directing the jury to return a verdict of not guilty because of the insufficiency of the evidence. This peremptory request was refused by the court, and will be discussed later with reference to the sufficiency of the evidence.

Only two bills of exceptions appear in the record. It appears that the owner, Mr. Finley, did not haul the wheat in question himself, but had the appellant, his brother, and two other parties haul it in and deliver it at the elevators. The witness, J. B. Gurley, was the manager of one of the elevators, and Mr. Finley had told him that he was going to send wheat in, and while Gurley was testifying he was asked by the State if he bought any wheat from Finley, and, if so, how much; whereupon counsel for defendant asked permission to question the witness on this point, and it developed that the witness Gurley would

answer that he only knew it was Finley's wheat from what the haulers said; and objected to this testimony on the ground that it would be hearsay. We do not believe the court committed error in permitting the witness to state that the parties who delivered the wheat to the elevator told him it was Finley's wheat. Finley had told him he was going to send the wheat in, and the statements of the haulers at the time they delivered the wheat were *res gestae* statements of their connection with the wheat, and, we think, properly admissible. While the witness, Finley, was testifying he was asked by the district attorney how much wheat he had sold to the Townsend elevator. He was unable to state the number of bushels, but gave the aggregate amount of money he received from the Townsend elevator, and the amount per bushel he received. This was objected to by counsel for appellant on the ground that it was not the proper way to prove the number of bushels of wheat he had sold to the Townsend elevator. We find no error in the action of the court in permitting this character of testimony. The witness may not have remembered the number of bushels delivered to the Townsend elevator, but if he knew the amount per bushel he received, and the total amount paid him for wheat delivered to that elevator it was pertinent proof which would enable the jury to determine the number of bushels by mathematical calculation; hence we find no error, as presented by appellant in his bill of exceptions number two.

The witness Finley testified that he had thrashed 1776 bushels of wheat, and that most of this wheat, something in the neighborhood of 1600 bushels, had been stored in a granary situated about two hundred yards from where appellant lived, the remainder of the wheat being kept at his, Finley's, house. He did not know the exact number of bushels of wheat placed in the granary, but estimated it to be somewhere in the neighborhood of 1600 bushels. He secured the services of the appellant and his brother and two other parties, by the name of Morris and Gassaway to haul and deliver the wheat from the granary in question to the two elevators at Happy, Texas. Upon checking up on his wheat he discovered a shortage, and an investigation resulted in developing the fact that on one day appellant was seen hauling wheat from the granary to one of the elevators at Happy, and on the next day was seen in the town of Canyon, sixteen or eighteen miles distant, with a load of wheat. The appellant's conduct with reference to the sale of the wheat in Canyon is not consistent with that of an honest man in relation either to his own property, or that in his possession rightfully. He sold this wheat in Canyon under an assumed name, taking a check payable to C. E. Clark; afterwards he drew a check payable to himself, purporting to be signed by C. E. Clark, for the purpose of transferring the money to his own account. We cannot agree with appellant's contention that the evidence is insufficient to support the verdict of guilty. His access to the wheat in the granary belonging to Finley is unquestioned, and his disappearance

from home for a day and night at this particular time is unexplained; the shortage in the wheat as checked up by the owner, and the conduct of appellant in handling the wheat in the town of Canyon was sufficient, we think, to authorize the jury to find that the appellant had stolen the wheat from the owner Finley. This question was submitted to the jury fairly for their consideration, and they determined that issue in favor of the State, and against appellant. A proper charge on circumstantial evidence was submitted. We do not feel authorized to disturb the verdict and substitute our judgment for that of the jury upon an issue of fact.

The judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 1, 1921.

MORROW, Presiding Judge.—Upon re-examination of the evidence, we have reached the conclusion that it is not sufficient to support the conviction.

Perhaps the most tangible fact against the appellant is the fact that while he had access to the wheat of Finley, he sold upon his own account sixty-eight bushels at Canyon and acted in relation thereto in a maner justly bringing him under the suspicion of wrong-doing.

The evidence is wholly circumstantial. To be sufficient, it must reveal, beyond a reasonable doubt, that Finley's wheat was fraudulently taken and that the appellant was the guilty agent. The taking is not satisfactorily disclosed. Finley obtained from the thrasher a quantity of wheat, which, according to the thrasher's weights exhibited to Finley amounted to 1776 bushels. A part was left at his home and a part put in the granary. No weights or measurements were made as to either amount, but Finley, according to his estimate or guess, puts the amount in the granary at 1600 bushels. He sold 1169 bushels to Neff, 439½ bushels to Townsend, and 32 2-3 bushels to Gasaway. Whether that sold to Gasaway was from the granary or the home of Finley is not disclosed  The evidence shows that there was probably a shrinkage in weight during the time the wheat remained in the granary but the amount of the shrinkage is not given.

Four persons, including the appellant, were employed by Finley to haul his wheat from the granary to the elevator. He saw none of it loaded or weighed. Neither of these persons were used as witnesses.

The persons at the elevator testified that certain wheat was received from each of the persons, but the amount delivered by the appellant and the others who hauled the wheat repectively was not shown.

Finley's testimony is to the effect that his means of knowing that there was a shortage was by the variation between the thrasher weights and the elevator weights as reported to him.

There is nothing in the record describing the character of the wheat which appellant sold such as to identify it as a part of that belonging to Finley. No reason is given for the failure to use the witnesses and persons who had access to Finley's granary, nor is it shown that the granary was not accessible to others. It is not competent to use against appellant the inference that may be drawn from the absence of testimony available to the State, and which, if favorable, it would be to the interest of the State to introduce. Wilkie v. State, 83 Texas Crim. Rep., 490, 203 S. W. Rep., 1091; Taylor v. State, 87 Texas Crim. Rep., 330, 221 S. W. Rep., 614; Parrish v. State, 85 Texas Crim. Rep., 75, 209 S. W. Rep., 681.

If it be assumed that Finley had correctly guessed the number of bushels placed in his granary, it cannot be inferred that the appellant got the wheat he sold at Canyon from the granary for the reason that the amount admittedly sold by Finley exceeds the amount that he put in his granary. Even if the shortage were established, there would arise from the testimony and absence of testimony, several hypotheses consistent with the innocence of the appellant; for example, a discrepancy might have resulted from the loss of weight or from the difference in the operation of the scales used at the various places and from the uncertainty as to how much wheat was taken by others having access thereto. The identity of the wheat found in the possession of the appellant with the stolen property cannot be assumed.

"There must be legal and competent evidence pertienetly identifying the defendant with the transaction constituting the offense charged against him." (Branch's Ann. Penal Code, Sec. 1877).

No inference sufficient to support the conviction can be drawn from the fact that appellant was in possession of wheat at Canyon and was guilty of suspicious conduct relating thereto, in the absence of other evidence excluding the theory arising from the fact that Finley lost no wheat, or assuming that he did, it was the act of others whose opportunity to take it was equal to that of appellant, which theory the State, having means to combat, has failed to disapprove.

The motion for rehearing is granted, the affirmance set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*