CLARENCE BUFORD v. THE STATE.

12446. Delivered May 29, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for three years.

Appellant and deceased, John Taylor, had a difficulty at a dance. Appellant cut deceased with a knife. Witnesses declared that after the difficulty had terminated the back of deceased's coat was cut and he was bleeding. The difficulty occurred on the 14th of January, 1928. Deceased died on the 21st of January, 1928, at a hospital in the city of Hereford. Only the wife of deceased described the wounds inflicted upon him. She testified as follows:

"I didn't examine the body of my husband very closely, but I was there and saw the wounds. I can point out to the jury, using your body to illustrate, where those wounds were. He was kind of marked down this way (indicating) and across here (indicating) and across here (indicating). Across this way (indicating) under the shoulder blade. It come right down the center of the back and across the left shoulder blade. This (indicating) penetrated the lung. I know where the lung is. This one (indicating) was just a scratch, not a deep wound; it was on the right side on the rear of the body. This one (indicating) wasn't very deep. Those wounds were cuts. There weren't any other wounds on the body. I didn't examine the front of his body. There wasn't any wounds there. As to whether I never made any examination other than just to look at the wounds, I just looked at them. I didn't probe the wounds. I just looked at the wounds, is all. The doctor and nurses didn't dress the wounds while I was present at the time."

No witness described the instrument used in inflicting the wounds on deceased. No witness testified that the wounds were fatal. It is appellant's contention that the evidence is insufficient to show that the wounds inflicted upon deceased in the fight caused his death. Article 1201 P. C. provides:

" 'Homicide' is the destruction of the life of one human being by the act, agency, procurement or culpable omission of another."

Article 1202 P. C. provides:

"The destruction of life must be complete by such act, agency, procurement or omission; but although the injury which caused death might not under other circumstances have proved fatal, yet if such injury be the cause of death, without its appearing that there had been any gross neglect or manifestly improper treatment of the person injured, it is homicide."

It was incumbent upon the state to prove beyond a reasonable doubt that the wounds inflicted by appellant upon deceased caused his death. Armsworthy v. State, 88 S. W. 215; Clyde Baker v. State, Opinion Number 12122, delivered April 10th, 1929, and not yet reported. The nurses and doctors attending deceased were not used by the state to show that the wounds were the cause of his death. A description of the weapon used by appellant is not found in the record. Whether or not it was a deadly weapon is not disclosed. As stated before only the wife of deceased described his wounds. It is not shown by the record when deceased was taken to the hospital or the length of time he was confined to his bed be-

fore he died. It is shown that he was up and walking without assistance shortly after the difficulty. Whether he was carried from the dance by others or went home unassisted is not disclosed. As far as the record reflects the facts he may have performed his ordinary duties up until a short time before his death. In short, the testimony of the state fails to show that the injuries inflicted were the cause of deceased's death, and when we consider the fact that the state failed to produce the attendant nurses and physicians as witnesses touching the question as to whether the wounds inflicted upon deceased caused his death and that no explanation of the state's failure in this respect is made, we are constrained to hold that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.