SAM GIACONE, ALIAS SAM LACONE, V. THE STATE.

No. 15971.    Delivered June 7, 1933.
Reported in 62 S. W. (2d) 986.

The opinion states the case.

*W. J. Baldwin,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for twelve years.

The evidence is wholly circumstantial.    The facts relied upon by the state, as understood, are as follows:    The building occupied by the Linn Bros. Motor Company was entered during the night of August 20, 1932.    No property was taken therefrom.    Three years prior to the present entry, the appellant had entered the same building and had been convicted therefor

and served his sentence. The manner of the entry at that time is not disclosed in the present record. It is claimed that the entry now under consideration was made by forcing an outside window and then another window giving entrance to the office in the building. The print of a rubber heel of a shoe was observed by an investigator and expert who came from Houston (after the commission of the offense) to Beaumont, the place where the building entered was situated. The expert investigator found on the white-painted windowsill at the office in the building the heel print mentioned. The cogent evidence relied upon by the state centers upon the testimony of the expert investigator who, by comparison of photographs, identified the print on the office windowsill with the heel of a shoe worn by the appellant a short time after his arrest. The evidence does not disclose the length of time that the print had been on the windowsill. It fails to show that it was not there before the present entry was made. In that particular the facts are analogous to those appearing in the case of McGarry v. State, 200 S. W., 527; also Graves v. State, 119 Texas Crim. Rep., 68, and Weathered v. State, 119 Texas Crim. Rep., 90. The state's testimony tends to exclude any theory suggesting the appellant's personal connection with the car rented at Houston and seen at Beaumont. The testimony of the state discloses that at the time of his arrest the appellant was at his home in bed, that, after his arrest, he dressed and accompanied the officers, and that the heel used by the state for comparison was taken from the shoe worn by the appellant after he was arrested.

Photographs of the print on the windowsill and of the heel of the shoe mentioned were made by the expert and identified upon the trial. These photographs were enlarged. The expert testified:

"The reason these photographs were taken and enlarged to this size was in order to see what actually happened in both of the prints without the use of a microscope.

\*    \*    \*

"I found by a study of these two photographs twenty-one points of similarity or identity between these two prints."

The expert went into great detail with reference to the points of similarity. These details related to a number of small items or points in which there was developed by the enlarged photographs similarity between the heel and the print on the windowsill. As understood, all the points were such as could be identified only by means of a microscope. However, it was shown that upon the enlarged pictures the claimed

similarity was visible to the naked eye. The witness testified further: "The reason I said they were photographed was to enlarge them so as to see them without the aid of a microscope. Those very tiny scars are very hard to see with the naked eye without some kind of magnification. The reason the circles appear white on the photographs instead of black is that we use a fine white powder to cover the circles in the print of the heel with in order to form some kind of contrast and keep it all from being the same color."

By his own testimony and by that of a number of witnesses, the appellant presented the theory of alibi, namely, that he was at his home in Houston, about eighty miles distant from Beaumont at the time of the commission of the offense. His own testimony and that of his brother showed that the shoes found upon the appellant at the time he was taken to the police station and which were used for comparison were not his shoes but belonged to one of his brothers. His wearing of them at the time was accounted for by the fact that in the excitement due to the appearance of the officers and his arrest early in the morning, he was unable to find his shoes and put on a pair which he found under the bed. Appellant's brother testified that the pair of shoes found upon the appellant and which were used for comparison belonged to him and had never been worn by the appellant.

The unexplained failure of the state to introduce testimony showing that the heel print upon the window which was used for the purpose of comparison was not upon the windowsill before the date of the alleged offense is a matter from which no inference unfavorable to the appellant could be drawn and upon which no presumption adverse to him can be founded. Upon the subject the following quotation is taken from the case of Davis v. State, 89 Texas Crim. Rep., 411, in which there are a number of decisions supporting the text: "No reason is given for the failure to use the witnesses and persons who had access to Finley's granary, nor is it shown that the granary was not accessible to others. It is not competent to use against the appellant the inference that may be drawn from the absence of testimony available to the state, and which, if favorable, it would be to the interest of the State to introduce."

Likewise, the absence of testimony descriptive of the tracks that were found upon the ground near the scene of the burglary cannot, in the state of the evidence, create any inference against the appellant. The inability of the state to connect the appellant with the rented automobile in connection with the state's own testimony to the effect that the automobile was

rented to another person and that the appellant was not seen at any time to be an occupant or user of it leaves a hiatus in the train of circumstances relied upon by the state to connect the accused with the offense.

The previous conviction of the appellant was legitimate evidence to impeach his credibility as a witness. The court properly instructed the jury that it could be used for no other purpose. However, the entire record shows that the fact that this matter of the appellant's previous conviction was brought into the case a number of times and the entire judgment against him giving details and showing a penalty of three years was read to the jury. Similar evidence was elicited from the appellant's brother on cross-examination. On the cross-examination of the appellant, the admission was elicited that the appellant's previous conviction was for burglary of the identical building involved in the present trial. It is not unlikely that the jury considered the prior conviction as a circumstance adverse to the appellant upon the issue of guilt. Raising no question as to the admissibility of the testimony of the expert touching the comparison of the photograph of the heel print on the windowsill and the heel of the shoe which was found upon the foot of the appellant, we are impressed with the opinion that the testimony of the expert alone would not, under the circumstances, suffice to comply with the legal requirement touching the conviction of one accused of crime upon circumstantial evidence alone. The demand that, to justify a conviction upon evidence that is wholly circumstantial, the evidence be competent, legal, and pertinently identify the accused with the transaction constituting the offense charged against him, has been consistently given adherence in the decisions of this court. Many examples of the views of the court upon the subject will be found collated in Branch's Ann. Tex. P. C., p. 1040, in which it is said that to sustain a conviction, the circumstances proved must exclude every other reasonable hypothesis except that of the defendant's guilt. See McGarry v. State, 200 S. W., 527.

Our conclusion, after the most careful examination of the record of which we are capable, is that the evidence, tested by the rule stated, is not sufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*