Isaac J. TINDLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17806.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 10, 1963.

Decided Oct. 10, 1963.

---

Mr. Garland P. Thompson, Washington, D. C. (appointed by this court), for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, BURGER and WRIGHT, Circuit Judges.

## PER CURIAM.

Appellant was convicted of robbery in violation of 22 D.C.Code § 2901. On this appeal he contends that his arrest, which was without a warrant, was unlawful in that it was not supported by probable cause.[1] Because of this he further contends that certain identifying evidence admitted at his trial should have been suppressed on his motion prior to trial, and excluded during the trial. If, however, his arrest was lawful the contention fails; and we think it was lawful. The argument to the contrary is that the existence of probable cause for appellant's arrest depended in part upon information obtained from another person as a result of the unlawful arrest of this other person. It is conceded, however, that this information, considered with other information possessed by the officer who arrested appellant, constituted probable cause for the latter's arrest.[2]

In any event the fact that the information on the basis of which appellant was arrested stemmed in part from the arrest of another person which we may assume arguendo was unlawful, did not invalidate appellant's conviction. As is conceded, the total information possessed by the officer when he arrested appellant gave him probable cause to do so, and the connection between appellant's conviction and the information stemming from the allegedly illegal arrest of the other person was so attenuated as to dissipate any possible taint. Cf. Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939).

Affirmed.

---

1. "A police officer may arrest for a felony without a warrant, if he has probable cause to believe that a felony has been committed and that the arrested person committed it." Wrightson v. United States, 95 U.S.App.D.C. 390, 392, 222 F.2d 556, 558 (1955).

2. None of the information referred to was used as evidence at appellant's trial.