**Jay E. DISLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39778.

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ray Moses and Jos S. Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Judge.

Appellant was convicted in the County Court at Law Number 4 of Harris County of the misdemeanor offense of unlawfully executing a deed within this state, knowing at the time of said execution of such deed that he was not the owner of the land and that he did not have any interest therein. Trial was had before a jury, based upon a grand jury indictment. After a finding of guilty, the jury assessed punishment at a fine of $500.00 and six months confinement in the county jail.

The evidence reflects that Charlie and Darline Griffin were married in 1943. In 1951 they entered into a contract of sale with the Inkley Company to purchase the real estate here in question. Charlie and Darline were divorced in 1954 and no disposition of the property was made. Darline is now Mrs. Hayden. In 1963 this property was conveyed to Charlie and Mrs. Hayden from the Inkley Company by a warranty deed. On May 26, 1964, Charlie quitclaimed his interest in the property to Mrs. Hayden.

In February of 1964, appellant obtained possession of the warranty deed from Mrs. Hayden when she borrowed $75.00 from him. In April of 1964, appellant sent one Willie Wilson to return the warranty deed to Mrs. Hayden. At this time Wilson also got Mrs. Hayden to affix her signature to a piece of paper at the request of the appellant. This piece of paper which was signed by Mrs. Hayden is shown to be the warranty deed conveying the property to appellant. The signature of Charlie Griffin also appears on the deed.

Mrs. Hayden's testimony reflects that the signature on this deed was hers. She stated that she signed a blank sheet of paper on instructions from Wilson because it was an application for a loan and her signature was necessary. She denied having any intention of conveying the property to appellant.

Appellant concedes that there is probably sufficient evidence to prove the state's theory of a fraudulent conveyance under Vernon's Ann.P.C. Art. 1137j so far as the interest of Mrs. Hayden is concerned. He contends, however, that under the terms of the statute the state must prove that he knew that he had no interest in the allegedly fraudulently conveyed property. He contends that for the state to obtain a conviction under this statute it must offer evidence that Charlie Griffin did not in fact sign the warranty deed conveying property to him. It is appellant's position that if the state did not do this, he obtained the interest of Charlie Griffin and no conviction can be had under the requisites of the statute. Appellant contends that the state's case is built on circumstantial evidence; that it is weak; and that the evidence is insufficient to prove beyond a reasonable doubt that Charlie Griffin did not sign the deed. He further contends that the state should have produced Charlie Griffin as a witness or given sufficient reason for his absence. Appellant relies on testimony by Darline Hayden to show that Griffin lived "here in Houston somewhere" to show his availability. Appellant urges that without Griffin's testimony the least the state could have done was to produce a hand-writing expert to compare the two signatures of Charlie Griffin, the one on the warranty deed and the other on the quit-claim deed, and render an expert opinion as to whether or not the signatures were the same on both of these instruments. In support of this proposition, appellant cites Wilkie v. State, 83 Tex.Cr.R. 490, 203 S.W. 1091; Davis v. State, 89 Tex.Cr.R. 411, 231 S.W. 784; Cramer v. State, 93 Tex.Cr.R. 226, 246 S.W. 380; Buford v. State, 112 Tex.Cr.R. 593, 17 S.W.2d 1072; Vasquez v. State, 145 Tex. Cr.R. 376, 167 S.W.2d 1030; Massey v. State, 154 Tex.Cr.R. 263, 226 S.W.2d 856; Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251. The doctrine of these cases which appellant seeks to invoke is only applicable in circumstantial evidence cases. Musser v. State, 167 Tex.Cr.R. 529, 321 S.W.2d 882. It is only applicable then, when the state's case is obviously weak. Lockhart v. State, 171 Tex.Cr.R. 648, 352 S.W.2d 749.

From the record it can be seen that Mrs. Hayden testified that she did not sign Mr. Griffin's name. Further, Willie Wilson testified that he did not sign it nor did he know who did. On direct-examination Mrs. Hayden testified concerning the deed to appellant as follows:

Q: "Mrs. Hayden are you familiar with the signature of Charlie Griffin, your ex-husband?"

A: "I think so, it's so long since I seen his signature."

Q: "Could you recognize your husband's signature if you saw it, your ex-husband?"

A: "Yes, I believe I could, but *that's not his signature on that paper.*" (Emphasis added.)

We conclude that the foregoing evidence of Mrs. Hayden is sufficient to refute appellant's contentions of ownership derived from Charlie Griffin. The action of the trial court in denying appellant's requested instructions as to community property rights of divorced spouses, co-tenants and tenants in common, does not constitute error in view of the record before us, as the facts do not support appellant's contentions. They are overruled.

The other contentions presented have been considered and they do not reveal error.

The judgment is affirmed.