**James Burney COOK, Petitioner,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent.**

**Civ. A. No. 2512.**

United States District Court
S. D. Georgia,
Savannah Division.

Aug. 15, 1969.

James Burney Cook, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

Petitioner in the above styled action is presently incarcerated in the Reidsville Branch of the Georgia State Prison where he is serving two concurrent twelve-year sentences imposed after a jury trial and conviction on a two count burglary indictment in Bibb County, Georgia on November 22, 1965. The habeas corpus attack here is upon the validity of the above conviction and is based upon two claims as follows: Petitioner contends (1) that certain evidence introduced at his trial was illegally taken from an automobile in which he was riding subsequent to the commission of the charged crime and was therefore inadmissible and (2) that evidence of previous convictions was supplied to the jury prior to its determination of guilt or innocence, the admission thereof depriving him of his Sixth Amendment right to trial by an impartial jury.

Petitioner is attacking the Bibb County sentence for the second time in this Court. It appears that on October 28, 1968 he filed an action raising the identical issues presented here. In an order dated March 6, 1968 Judge Frank M. Scarlett, citing McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, denied relief on the grounds that Petitioner's proceeding was premature. It is not clear from the record whether Petitioner has presently completed service of the sentences that were not attacked in 1968 and that thus prevented consideration of the matter on its merits. This, however, is presently irrelevant as McNally was expressly overruled in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 so as to obviate the requirement of eligibility for immediate release. See Stepp v. Beto, 5 Cir., 398 F.2d 814; Cloud v. Louisiana, 5 Cir., 397 F.2d 252.

■ Petitioner's previous habeas corpus action is no bar to a consideration of the present case on its merits but due to the fact that in the first case (Savannah Civil Action No. 2050) the record was fully developed prior to Judge Scarlett's denial, the current application is consolidated with it. The Bibb County trial transcript provides a complete record of the facts necessary for a determination on the merits and is deemed admissible evidentiary matter. Nance v. Baker, 10 Cir., 400 F.2d 864; Hall v. Page, 10 Cir., 367 F.2d 352; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

*Petitioner's First Ground:* The record demonstrates that this ground is without any merit. The contention is that certain evidence introduced at Petitioner's trial, namely items taken from the burglarized store and found in the automobile he was driving shortly after the alleged crime, were improperly admitted because the arrest and incidental search and seizure were conducted without warrants. At the trial, counsel for defendant made its motion to suppress said evidence and a thorough hearing was conducted out of the presence of the jury and the record thereof revealed the following facts: At approximately 3:00 a. m. on the morning of July 8, 1965 the nightwatchman at the Thunderbird Liquor Store located on Highway 80 outside of Macon observed an automobile stop at Atkins Service Station directly across the highway from the store. He saw a man get out of the vehicle, break out the plate glass window of the store

and load merchandise into the automobile. The area around Atkins Service Station was well-lighted. Immediately after such burglary the watchman called the Bibb County Sheriff's Department and reported the incident. He described the automobile as a red 1959 Chevrolet with a black top and a broken left tail light. A radio bulletin was thereupon dispatched to local law enforcement officers. About 3:30 a. m. on the same morning a car matching the description was spotted by the Macon police about one and a half miles from the scene of the crime. The vehicle was stopped and its two occupants placed under arrest. The automobile and the two men were held for several minutes until county officers arrived at which point a thorough search of the car and its occupants was made. Items later identified as taken from the service station were found in the automobile and were introduced in evidence.

 A search and seizure incident to a lawful arrest is valid although made without a warrant and evidence thus obtained is admissible at trial. Argo v. United States, 9 Cir., 378 F.2d 301, cert. denied, 390 U.S. 907, 88 S.Ct. 823, 19 L.Ed.2d 874; Morales v. United States, 9 Cir., 344 F.2d 846; Hollins v. United States, 9 Cir., 338 F.2d 227, cert. dismissed, 385 U.S. 802, 87 S.Ct. 9, 17 L. Ed.2d 48; Newcomb v. United States, 9 Cir., 327 F.2d 649, cert. denied, 377 U.S. 944, 84 S.Ct. 1350, 12 L.Ed.2d 307. Search of an automobile incident to a lawful arrest is likewise proper. Harris v. Stephens, 8 Cir., 361 F.2d 888, cert. denied, 386 U.S. 964, 87 S.Ct. 1040, 18 L.Ed.2d 113; Kuhl v. United States, 9 Cir., 322 F.2d 582 and an arrest without a warrant is lawful where the arresting officer has probable cause to believe that a felony has been or is being committed. Tindle v. United States, 117 U.S.App. D.C. 27, 325 F.2d 223; Ralph v. Pepersack, 4 Cir., 335 F.2d 128; Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620; Taglavore v. United States, 9 Cir., 291 F.2d 262.

 What constitutes probable cause is evidence that would warrant a man of reasonable caution to believe that a felony has been committed, and such evidence must be measured by the facts of the particular case in which legality is questioned. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. In the present case an eyewitness gave a detailed account of the crime and an accurate description of the automobile involved. An automobile matching this description was stopped within thirty minutes of the crime and only a mile away from the scene at a time (3:00 a. m.) when few, if any, automobiles were on the highways. Under these circumstances the arrest was totally justified with or without a warrant. The search and seizure complained of here was legal and the evidence taken was properly admitted.

*Petitioner's Second Contention:* It is contended that evidence of prior convictions was introduced during the trial. The problem arises out of Georgia's recidivist statute which provides that persons previously convicted of felonies shall, upon subsequent conviction, be given the maximum sentence provided by law. In this State juries fix the length of sentences. Code § 27–2511 (Georgia Laws, 1953, p. 289f.) provides:

> "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted. * * * "

 As Georgia courts construe this statute, it authorizes submission to a jury of proof of a prior conviction during the trial and before determination of a defendant's guilt. The appellate courts of Georgia have held that this procedure is not a violation of the constitutional rights of the accused. Coleman v. State, 215 Ga. 865, 114 S.E.2d 2; Kryder v.

State, 212 Ga. 272, 91 S.E.2d 612; Winston v. State, 186 Ga. 573, 198 S.E. 667, 118 A.L.R. 719; Tribble v. State, 168 Ga. 699, 148 S.E. 593; Lewis v. State, 113 Ga.App. 714, 149 S.E.2d 596.

Petitioner does not claim the Georgia statute is unconstitutional but objects to the manner in which it is applied. The statute does not, in terms require the one-step process used in the trial courts in administering it.[1] The law is not inconsistent with a two step process under which proof of prior convictions would be submitted to the jury for subsequent determination by it after conviction of defendant of the crime charged. Is the one-step procedure valid?

In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the habitual-criminal statutes of that State came before the highest Court under challenge of unconstitutionality. In a 5–4 decision they were held to be valid in respect to permitting use of prior convictions in current criminal trials. The majority ruled that the defendants were sufficiently protected by the cautionary, limiting instructions of the trial court. The enforcement of recidivist statutes in a one-stage trial was held proper since states may promulgate their own rules of evidence as long as same are not prohibited by the Federal Constitution. Judge Harlan said:

"In all these situations as under the recidivist statutes, the jury learns of prior crimes committed by the defendant, but the conceded possibility of prejudice is believed to be outweighed by the validity of the State's purpose in permitting introduction of the evidence. The defendants' interests are protected by limiting instructions, see Giacone v. State, 124 Tex.Cr.R. 141, 62 S.W.2d 986, *supra,* and by the discretion residing with the trial judge

to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence."

In dissent, Chief Justice Warren said:

" * * * it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he has committed the crime currently charged against him. As Mr. Justice Jackson put it in a famous phrase, "[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction." Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (concurring opinion) (1949). United States ex rel. Scoleri v. Banmiller, 310 F.2d 720, 725 (C.A. 3d Cir. 1962).

Subsequent decisions of the court in related fields favor the minority viewpoint. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. However, I am bound by *Spencer* and until it is overruled I shall adhere to it.

But this does not settle matters in the present case. Were there limiting instructions? If so, what were they? Did they properly protect defendant's interest as against the evidence of past criminality which, in the nature of things, was damaging? Did the cautionary instructions satisfactorily vitiate any such effect?

The record shows that the trial judge did contemplate the possibly injurious effect of such evidence and charged the jury that they should consider same only for the purpose for which it was introduced, namely in determining Petitioner's sentence.[2]

---

1. Georgia's motor vehicle larceny act specifically provides for a two-step jury procedure in recidivist cases. The statute provides that upon a determination of guilt, "The judge shall recall the jury and the solicitor shall present evidence as to the sentence to be imposed." Ga.Code,

Supp., § 26–2603(C) (2); Georgia Laws, 1966, p. 555f.

2. The charge was as follows:
 "Now the state contends that this defendant has heretofore been sentenced to a term of service in the penitentiary of this

The extent to which this limiting charge actually protected Petitioner from possible prejudice is impossible to determine. The charge given was sufficiently clear to have the intended effect if that purpose could be achieved at all. It measured up to the requirements of *Spencer*. The fact that the jury did not prescribe the maximum 20–year sentence may indicate that they were not convinced that he had been previously convicted of a felony [3] or the jurors may have ignored that portion of the charge. No one will ever know. *Spencer* does not, however, require clairvoyance. Its mandate has been complied with.

For the foregoing reasons Petitioner's application for writ of habeas corpus is denied.

---

state on a conviction for a felony and the state claims that the record of that conviction and sentence has been introduced in evidence. Now the fact of a former conviction and sentence, if it be a fact, and the record of such former conviction and sentence, if there is such record, is not to be considered by you as illustrating the guilt or innocence of the defendant of the charge for which he is now on trial. You should give such no weight whatsoever as throwing light on his guilt or innocence of the charge or charges in this indictment. You should determine the guilt or innocence of this defendant on the facts and circumstances adduced here as to the alleged charges for which he is now on trial. And the fact that this defendant has been convicted in another case or other cases, if you find such to be a fact, should not influence you in any way to find him guilty on the cases now on trial.

The fact of the former conviction and sentence for a felony in this state, if it be a fact and the record of it, if there be such record, are to be considered by you for one purpose and one purpose only; and that is to guide you in fixing of this defendant's sentence should you convict him on either count under this indictment. The effect of such former conviction and sentence, if such has been proved to you, is to make it mandatory upon you to fix his punishment at the maximum period of service fixed by law, which for the offense of burglary is 20 years, if you should find him guilty on either count in this indictment.

However, if you find this defendant guilty as charged but you do not find beyond a reasonable doubt that at the time he committed the offense for which he is on trial, if he did commit it, that he had been convicted of a felony in this state and been sentenced to the penitentiary, then it would not be mandatory upon you to fix his punishment at the maximum term provided by law. In that event, you could fix his punishment at any term within the minimum and maximum figure provided by law, which I have charged you as being not less than one year nor more than 20 years, and you may recommend that he be punished as for a misdemeanor."

3. The Bibb County Grand Jury indictment referred to three prior convictions: Bibb County, December 3, 1947, Robbery (Accusation No. 4958); Houston County, August 23, 1955, Burglary (Indictment No. 4385); Bibb County, September 19, 1955 Burglary (Indictment No. 6782). In support of this allegation the State offered the testimony of C. D. Leverett, Georgia Bureau of Investigation agent, who was present when Petitioner entered a guilty plea to the 1955 Bibb County indictment and also testimony of Billy Murphy, a State Board of Pardons and Paroles employee. He testified that he was present during a probation revocation proceeding where Petitioner was recommitted on the 1947 Bibb County Robbery sentence.