## ODACIO TREVINO v. THE STATE.

No. 1102. Decided June 23, 1897.

**1. Continuance—Bill of Exceptions—Practice on Appeal.**

The overruling of a motion for continuance will not be revised on appeal, where no bill of exception was reserved to the ruling in the trial court.

**2. Murder—New Trial—Newly Discovered Evidence.**

On a trial for murder, where it appeared that this defendant and his brother had been separately indicted for the murder; that this defendant was first tried; and

on his trial his sister testified, as a State's witness, to certain important facts; and on the subsequent trial of the brother, she, as a witness, gave a directly contradictory statement to her former testimony; and which last statement tended strongly to implicate another party and not her brother in the murder; and defendant, in his motion for new trial, claimed that her testimony on the second trial was newly discovered, and that a new trial should be granted therefor; *Held, in the light of the other uncontradicted testimony in the case (which is stated in the opinion), that her testimony given in the second case is not probably true, and therefore the motion for new trial was properly overruled.*

**3. Circumstantial Evidence—Charge.**

See a charge upon circumstantial evidence, *Held,* sufficient.

APPEAL from the District Court of DeWitt. Tried below before Hon. S. F. GRIMES.

Appeal from a conviction for murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The indictment charged defendant with the murder of Juan Rodreguez, on the 13th of June, 1895, by shooting him with a pistol and gun, and by cutting and stabbing him with a knife.

The deceased lived with a Mr. Johnson, and was last seen at his house, between 7 and 8 o'clock p. m. of the 13th day of June, which was Thursday. On the following Sunday his dead body was found, about a mile from Johnson's house, in a hollow near a mott of trees. There were thirteen knife wounds and three bullet wounds in the body.

It was in evidence that deceased had been paying attention to a young girl, Soledad Trevino, a sister of this appellant, Odacio Trevino, and Felix Trevino. The girl was 19 years of age; her parents were dead, and she lived with her brothers. After her engagement with deceased, the latter asked the consent of the brothers to the marriage, which, for some reason not disclosed, they refused to give, and the parties determined to elope and get married. On the day of the disappearance of deceased, appellant and his brother had hired to Mr. Johnson to hoe corn, and were to begin work on the morning of the 14th.

Deceased having procured the assistance of a friend, one Cruz Rodrigues, made his arrangements to elope with the girl on the night of the 13th. Cruz was to go to her brothers' house, where she lived, and get her out, and deceased was to meet them and they were to go on horseback to Cuero, and be married. The girl met Cruz, about 8 o'clock, and they went to the place deceased was to meet them, but he did not come. Cruz, becoming uneasy, went to Mr. Johnson's house, about 10 o'clock, and borrowed Johnson's 45-caliber Colt's pistol and returned to where the girl was. Defendant and Felix finding that their sister had left their house, commenced searching for her around the neighborhood. Defendant was armed with a 38-caliber six-shooter. He was carrying the same pistol at Johnson's the day before, and declined to shoot it there, because, he said, he only had three loads in it, and no more cartridges. About 11 or 12 o'clock that night, while these parties were out searching for their sister, three shots were heard in the direction of where the body

38 Texas Crim. App.—5

of deceased was afterwards found. Cruz and the girl Soledad spent a greater portion of the night in the cotton field waiting and watching for the expected bridegroom, who never came. Just before daylight they went to Johnson's house. The defendant and Felix also went to Johnson's early the next morning, and told him that they would abandon their contract with him to hoe corn and leave the country, as their sister had disgraced them. They went home and commenced packing their effects into a wagon to leave. It seems that Johnson and others arrested them; examined the pistol of defendant, and found it had been recently discharged—all three of the barrels. After holding the parties for awhile, they turned them loose, and gave them some provisions, and they left in their wagon, going in the direction of the Rio Grande. When the dead body of deceased was found, on Sunday, it was believed that they had killed him. The body had three bullet wounds on it. One of the bullets was cut out—it was a 38-caliber ball. Defendants were then followed and again arrested; brought back, both indicted and tried for the murder. This appellant was first tried. Their sister, Soledad, testified on both the trials. After she had testified on the trial of Felix Trevino, this appellant made a motion for a new trial based upon her newly discovered testimony, as given on the trial of Felix. As to this matter, the statement found in the opinion is sufficiently full.

The charge of the court upon circumstantial evidence is as follows: "In this case the State relies for a conviction upon circumstantial evidence alone, and in order to warrant a conviction upon such evidence each fact necessary to establish the guilt of the accused must be proved by competent evidence, beyond a reasonable doubt, and the facts and circumstances proved should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and producing in your minds a reasonable and moral certainty that the accused as principal committed the offense charged in the indictment."

Defendant excepted to this charge, for the reason that it fails to inform the jury that each necessary fact shown must be consistent with every other necessary fact, and that each and all must be consistent with the main fact necessary to be shown, and for the further reason that it fails to instruct the jury that such facts must not be susceptible to any other reasonable hypothesis than the guilt of the accused, and must exclude every other reasonable hypothesis than his guilt; and on the whole must establish that the accused is the principal, and no other person committed the offense as charged.

The defendant further excepted to said charge for the reason that the charge on circumstantial evidence as given is a charge on the weight of the evidence, for the reason that it assumes that there are circumstances shown by the State against the defendant.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was indicted for the murder of Juan Rodreguez, by shooting him with a pistol. He was convicted of murder in the second degree, and his punishment assessed at twenty-five years confinement in the penitentiary.

Felix Trevino, a brother of the defendant, was also indicted for this murder. Deceased and Soledad Trevino, sister of these parties, were engaged to be married. Her brothers objected to the marriage. Soledad, with her brothers, was staying on the premises of one Johnson. Cruz Rodreguez, a friend, but not related, to the deceased, on the night of the homicide, went to Johnson's after the girl, she and the deceased having made arrangements to elope, and go to Cuero on that night, for the purpose of securing a marriage license, and to be married. Cruz Rodreguez went to Johnson's after Soledad, in accordance with this agreement; and upon this trial Soledad was a witness for the State, and testified that, while she and Cruz were at the creek that night, waiting for the deceased, she heard three shots; that Cruz was with her at the time the shots were fired. All of the testimony is to the effect that three shots were fired. No person witnessed the homicide. A few days after appellant was convicted, his brother Felix was placed upon trial for this murder, and Soledad was a witness in his behalf. Upon this trial she testified: That on the night of the homicide, before she and Cruz went to the creek, they stopped at the gate, and Cruz left her, stating he would go and find the deceased. That then he had no pistol or knife that she saw, and no bloodstains on his clothing; that he remained away from her two or three hours. While he was gone, she heard three pistol shots. That, in about a half hour thereafter, he returned. He had blood on his sleeve, from his elbow to his wristband, and blood on his right breeches' leg, and had a large pistol and knife. On his return, Cruz said to her that "the deceased was not coming, that he would keep her in his [deceased's] place." She refused to accept this proposition, and he told her, if she ever mentioned what he had said, or that he was absent from her during the night, he would kill her. That they then went to Mr. Johnson's and tried to stay all night. That she did not testify to this before, because she was afraid Cruz would kill her. That she never mentioned this but twice before, and that was to the interpreter Moro, and to the county attorney, and in both instances was subsequent to the first trial, and just prior to this trial. In motion for a new trial, appellant brings all of this matter forward as newly-discovered evidence, insisting that upon another trial this testimony would probably change the verdict of the jury.

If what Soledad swore on the second trial—that is, on the trial of Felix Trevino—be true, it was very important testimony, calculated to produce a different result. The question before us, however, is as to the probable truth of her last statement. Her brother Felix had the benefit of this testimony, and he was convicted. But, be this as it may, the question as before stated, is the probable truth of the statement. When we look to all the facts and circumstances in evidence, we are of opinion that her

last story is not the truth. Cruz Rodreguez borrowed a pistol from John-son. It was a 45-caliber. Deceased was shot with a 38-caliber. This is demonstrated by the weight of the ball. The proof shows that appellant had a 38-caliber pistol; that it had three loads in it; and, on the day after the shooting, it was examined, and found to have been recently dis-charged. All the witnesses who swear to this point say that they heard three reports. Cruz returned the pistol to Johnson the next day. When he received it, it had five loads in it. When it was returned, they were still in it, and the pistol gave no evidence of having been recently dis-charged. The specks of blood upon his clothing were shown to have been a few little specks, accounted for by Cruz by the fact that, while he was waiting, mosquitoes bit him, and he mashed them. Other witnesses tes-tified to the fact that they were specks, and not smears. There is no sug-gestion that he had changed his clothing. There was no blood upon his pants at all. He was a warm friend of the deceased. There was no evi-dence that he had ever visited Soledad as a suitor, and there was no such relation existing between Soledad and Cruz that indicated that he had any intention or desire to make her his wife, and had never made any such advancements towards her. We are of the opinion that the court did not err in refusing to grant a new trial upon this ground.

Several objections are made to the charge of the court. We have care-fully read the charge, and, when viewed in the light of the evidence in the case, it is correct. Complaint is made of the charge on circumstan-tial evidence. We hold the charge to be sufficient. It is not obnoxious to the objection made in the cases of Jones v. State, 34 Texas Crim. Rep., 490, and Smith v. State, 35 Texas Crim. Rep., 618. By comparing the charge in those cases and this case, it will be seen at once that there is a radical difference. It would not have been proper in this case for the court to have stated to the jury "that the testimony, when taken as a whole, must establish that the accused is the principal, and no other per-son committed the offense as charged." The theory of the State, very cogently supported by the testimony, was that the defendant and his brother killed the deceased, and that they were both principals. Counsel objects to this charge because a charge on the weight of the evidence, it assuming that there are circumstances in the case against the defendant. The court assumes nothing in the charge. It is not a charge upon the weight of the testimony; it is not a charge unsupported by the testimony; but a charge directly applicable to the case.

There is no bill of exceptions reserved to the action of the court in overruling the motion for a continuance. We find no error in this judg-ment, and it must therefore be affirmed.

*Affirmed.*