## PEOPLE v. THOMPSON.

1. APPEAL AND ERROR — ASSIGNMENTS NOT RELIED ON IN BRIEF WAIVED—SUPREME COURT RULE.
   Under Supreme Court Rule No. 40, assignments of error not discussed in the brief of appellant are waived.

2. CRIMINAL LAW—INTOXICATING LIQUORS—TRIAL—ARGUMENT OF COUNSEL.
   In a prosecution for violation of the prohibition law,

where the defense was an alibi, defendant claiming to have attended an auction sale on the date of the offense charged, a criticism by the prosecutor, in his argument to the jury, that the testimony of the auctioneer and the notice of the sale would be better evidence of the date thereof than the testimony of defendant's father and other relatives, and that they should have been produced by defendant, *held*, not erroneous.

3. SAME—HARMLESS ERROR.
   A statement by the prosecutor that he made the same argument when the case was tried the week before, and that he then challenged defendant's counsel to produce such evidence, *held*, while improper, not harmful.

4. SAME.
   Although language used by the prosecutor concerning a woman witness called by defendant was without evidential support in the record, where it was such as would be resented by the average juror and harm the people's case more than help it, the case will not be reversed therefor.

5. SAME—FAILURE OF DEFENDANT TO TAKE STAND.
   Where one of the people's witnesses testified to giving a note to defendant the day of the alleged illegal sale, comment by the prosecutor on the defendant's failure to introduce the note in evidence cannot be construed as calling the attention of the jury to the fact that defendant did not take the stand, since it was not necessary for defendant to take the stand in order to get the note in evidence; showing it to the maker being all that was necessary.

Exceptions before judgment from Newaygo; Barton (Joseph), J.   Submitted February 2, 1923. (Docket No. 163.)   Decided March 22, 1923.

Pearl Thompson was convicted of violating the liquor law.   Affirmed.

*H. Monroe Dunham,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *William J. Branstrom,* Prosecuting Attorney, for the people.

FELLOWS, J.   Defendant was convicted of violating the prohibition law and reviews such conviction on exceptions before sentence.  The date of the commission of the offense was alleged in the information under a videlicet to be the 12th day of August, 1921. The people's testimony, while not definitely fixing that date, approximated it.    The defense was an alibi. The testimony introduced on behalf of defendant tended to show that both before and after that date he was at the residence of his father in Muskegon county, some distance away, and that on the specific date he attended an auction sale over in Ottawa county.  The only assignments of error discussed in the brief of appellant relate to the argument of the prosecuting attorney.  They are, therefore, the only ones we can consider, all others are waived.   Supreme Court Rule No. 40; *People* v. *Oprita,* 213 Mich. 13; *Ward* v. *Carey,* 200 Mich. 217; *In re Warring's Estate,* 196 Mich. 720, and authorities there cited.

In the case of *People* v. *Osborn,* 205 Mich. 531, we had occasion to consider the conduct of the prosecuting attorney in a criminal case and we there said:

"Cases are numerous in this court where we have had occasion to consider the conduct of counsel upon the trial of jury cases.   We cannot undertake the review of all or any considerable portion of them. Where the conduct of counsel was prejudicial and was not or could not be cured by the trial judge we have reversed the cases.   Where such conduct could be and was cured by the trial judge and the error was therefore without prejudice we have declined to disturb the judgments.   *   *   *   In many cases this court has taken occasion to seriously criticize counsel for improper conduct, but where the trial judge has carefully guarded the rights of the parties, and instructed the jury to disregard the misconduct and such misconduct could be cured, and was cured by the trial court, this court has in such cases declined to reverse the case because counsel in the heat of the trial oversteps the bounds of proper conduct."

And in the recent case of *Walz* v. *Peninsular Fire Ins. Co., ante,* 326, we again reviewed numerous authorities and pointed out the proper practice to preserve the question for review. In the main, the argument of the prosecuting attorney in the instant case was within the domain of proper argument. In some instances it is subject to criticism, in no regard did it constitute reversible error in view of the instructions given by the trial judge. Defendant called as witnesses his father and other relatives and acquaintances; they testified that he was at the auction sale. The prosecutor criticized their testimony and argued that the testimony of the auctioneer and the notice of the sale would be better evidence of the date of the sale and that they should have been produced by defendant. We do not think this argument was erroneous. *People* v. *McGarry,* 136 Mich. 316.

It was improper for the prosecutor to state that he made the same argument when the case was tried the week before, and that he then challenged defendant's counsel to produce such evidence, but we do not believe it was harmful. The testimony showed there had been a trial of the case the week before and it would probably be inferable that the prosecutor then conducted the case along the same lines as this trial was conducted.

The language used by the prosecutor concerning a woman witness called by defendant is without evidential support in the record and was such as would be resented by the average juror. Such attacks harmed the people's case more than it helped it. *People* v. *Fenner,* 217 Mich. 239.

One of the people's witnesses testified to giving a note to defendant the day the alleged sale of liquor was made. The note was not introduced in evidence by the defendant and this fact was commented upon by the prosecutor. We do not perceive error in this.

It would not have been necessary for the defendant to take the stand in order to get the note in evidence; all that would have been necessary would have been to show it to the maker when he was on the stand. The argument, therefore, can not be construed as calling the attention of the jury to the fact that defendant did not take the stand.

We do not find in the argument of the prosecuting attorney the language attributed to him in the 14th assignment of error.

This covers the language most seriously complained of. We need not discuss the argument of the prosecuting attorney further. In view of the instructions of the trial judge, we find no reversible error upon this record. The charge was a fair one; as to the argument of counsel the trial judge said:

"Counsel have argued quite bitterly. Charges and counter charges of lack of good faith on the part of either have been hurled at each other in your presence. You should utterly disregard it. You should not be influenced by argument of counsel on either side when they say a certain witness has lied or a certain other witness told the truth. That is the province of the jury. It is for the jury to judge of the evidence, weigh it all, and give to each part and parcel of the evidence such weight or credence as they as candid men think it entitled."

As to the failure of the defendant to take the stand he charged:

"In this case the respondent has not gone on the stand as a witness in his own behalf. The respondent becomes a witness in his own behalf, at his own option. When the respondent in this case or any other criminal case fails to take the stand in his own behalf it raises no presumption against him. Bear that particularly in mind. You will not consider the fact for any purpose whatsoever. Blot it out of your mind, you cannot consider it for any purpose whatsoever or give it any weight. The respondent has a

right to remain silent; you cannot comment upon it in your deliberations or allow it to influence you in your deliberations whatsoever."

No further instructions on these subjects were requested by defendant's counsel.

The conviction is affirmed and the case remanded for sentence.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.