## A. G. GRAVES v. THE STATE.

No. 14505. Delivered November 25, 1931.

The opinion states the case.

*Geo. S. Berry, Max M. Coleman,* and *W. M. Peticolas, Jr.,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Appellant had been employed by the Fry Rubber Company. His employment had ceased about January 14, 1931. During the time appellant worked for the company his duty was to repair automobile tires. Upon making collections from patrons, he carried the money to the cashier. He was not allowed inside of the office. However, on occasions appellant entered the office for the purpose of sweeping it out. In the office were a safe and filing cabinet, the cabinet being located near the safe. There was also a stove near the safe.. On the wall, close to the safe, was a calendar. The combination of the safe was on the back of the calendar, which fact appellant, as well as other employees, knew. On January 24, 1931, which was approximately ten days after appellant had left the employment of the company, the building was burglarized, the entrance being made through a scuttle hole in the men's toilet, and from the toilet into the main building. It appears that the combination to the safe was used to open the outer door, and that the inner door had been pried open. Thirty-four dollars in currency was taken from the safe. An investigation of the burglarized premises disclosed that the cabinet, which was situated near the safe, had been moved about one foot away from the safe. The calender containing the combination had been taken from the wall and was found on the stove near the safe. Appellant had not been seen around the premises of the company after he had left their employment. Appellant was arrested shortly after the burglary, and $19 in currency was found on his person. The burglary occurred at night. Appellant had been seen at his home at 9:30 p. m. He was not at home at 2 a. m. Other employees had access to the office. Although introduced as witnesses by the state, these employees were not called upon to deny that they entered the safe. Shortly after the burglary finger prints were discovered on the metal filing cabinet, and photographed. Appellant's finger prints were also taken. An officer, who testified that he had studied finger prints for approximately seven months, described the finger prints to the jury, and stated that, in his opinion, from the comparison with appellant's finger prints, those found on the filing cabinet were made by appellant. He also expressed the opinion that the prints on the cabinet had been recently made. It does not appear whether there were other finger prints on the cabinet, nor does it appear whether there were any finger prints on the safe. The officer testified that it was his opinion that "latent" finger prints would remain on metal of the character of which the filing cabinet was constructed for a period of about three days. On cross-examination he stated that metal of the kind in question might retain finger prints for a month if such metal was not disturbed, and put in an air-tight place. He further said that if the

filing cabinet had been pushed up against the safe and not disturbed the finger prints might probably have remained on it for two weeks. Touching the position in which the finger prints were found on the filing cabinet, the witness testified as follows: "I found some finger prints on the cabinet. They were hardly half way up on the side of the filing cabinet, and there were four prints, and they were in this position. It looked like they had been made in pulling up. * * * It looked like it had been moved in an effort to raise and move it at the same time. The finger print of the little finger was blurred. I examined the prints of the other fingers, and they were fair prints."

Another witness for the state, who had had experience in photographing finger prints, testified on cross-examination as follows: "I could not tell you how long finger prints would remain on metal of this character where they had been protected from the outside elements. I would not imagine the would stay as long as thirty days when exposed to outside elements. If on the inside, out of the elements, and undisturbed, finger prints would remain indefiinitely. I do not know when the finger prints were made on this safe down there, but they would have been there indefinitely if not disturbed."

Appellant offered no testimony.

The court submitted an instruction covering the law of circumstantial evidence. Appellant insists that the circumstances found in the record are insufficient to meet the remand of the law. The opinion is expressed that appellant's contention must be sustained. The filing cabinet was accessible to the employees of the company. Appellant had had access to it ten days prior to the burglary while he was employed by the company. Although the finger print expert testified that in his opinion the prints had been recently made, he and another witness for the state said that finger prints on metal of the character in question might remain for two weeks or more when protected from the elements. The cabinet was in a' building. Under the evidence, the fact that appellant's finger prints were on the cabinet is not inconsistent with his innocence. The evidence is not opposed to the hypothesis that the finger prints, if made by appellant, were not made during the time of his employment in the building. Others having access to the safe were not called upon to deny that they entered it. It was not shown that there were not finger prints of other persons on the cabinet. It was not shown that appellant's finger prints were on the safe from which the money was taken. The demand of the law of circumstantial evidence to the effect that the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused was not met. Branch's Annotated Penal Code, sec. 1875; Trevino v. State, 38 Texas Crim. Rep., 64, 41 S. W., 608. See also McGarry v. State, 82 Texas Crim. Rep., 597, 200 S. W., 527. To warrant a conviction on circumstantial evidence there must be "proof to

a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person" who committed the offense, or "was a participant in its commission." Branch's Annotated Penal Code, sec. 1877; Clifton v. State, 39 Texas Crim. Rep., 619, 47 S. W., 642.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.