### L. B. WEATHERED v. THE STATE.

No. 14803. Delivered February 17, 1932.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, burglary; the punishment, two years in the penitentiary. .

The indictment charged the appellant did break and enter a house then and there occupied and controlled by Earl Hughes without the consent of said Earl Hughes.

Earl Hughes, the tax collector of Taylor county, had his office in the courthouse of said county. The tax assessor, J. T. Howard, had his office immediately south of the office of the tax collector. There was a partition between the two offices. In said partition there was a doorway, but there was no door or any obstruction whatsoever, the door in the partition having been taken down and entirely removed some time previous to the alleged burglary. On the morning after the alleged robbery, it was discovered that someone had tampered with the safe in which the tax collector kept his money. The testimony further showed that both the assessor and tax collector's doors, which led into the hallway, had been locked when the offices were closed on the night before. Both doors appeared to have been attempted to be opened and there was evidence to the effect that the tax assessor's front office door was opened, that is, it did not have the latch on it.

Appellant insists that there is a fatal variance between the allegation of the indictment and the proof offered, in that the indictment alleged that the house entered was occupied and controlled by Earl Hughes, when in fact the evidence showed that it was occupied by J. T. Howard. We regard the evidence showing that the rooms set aside for the tax collector and for the assessor were jointly occupied and controlled by the two. Article 402, Code of Criminal Procedure, provides in part: "Where one person owns the property, and another person has possession of the same, ownership thereof may be alleged to be in either. Where property is owned in common or jointly, by two or more persons, the ownership may be alleged to be in all or either of them". This article has been construed by this court in the case of Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 694, to refer not only to a technical joint possession, but as well to a case where the parties exercised a joint or common possession of the property. See also Duncan v. State, 49 Texas Crim. Rep., 150, 91 S. W., 572; Davis v. State, 63 Texas Crim. Rep., 453, 140 S. W., 340; Russell v. State, 86 Texas Crim. Rep., 580, 218 S. W., 1051; Reasoner v. State, 117 Texas Crim. Rep., 85, 36 S. W. (2d) 163.

Appellant also earnestly urges the insufficiency of the evidence to support the verdict. The evidence in brief shows that on the night of January 31, 1931, or the early morning hours of February 1, 1931, some-

one apparently entered the office of the tax collector in Taylor county and the knob on his vault was knocked off. The vault, however, was not entered, although some tools and punches were found near the vault door, and on the desk to the left of the vault door was found a flash light, the glass and globe of which had been broken. The testimony tended to show that the entrance to the tax collector's office was made by entering the door that led into where the tax assessor had his office. This entrance was gained through the opening of an outside door which, from the testimony, appeared not to have been locked but merely closed. It was testified to that there were some finger prints on the reflector of the flash light. Appellant was arrested for investigation in connection with the matter, and his finger prints were taken and photographs taken thereof, and on the trial a finger print expert testified that he found on the reflector in the flash light a finger print of the middle finger of the right hand and it corresponded to the finger print of the middle finger of the right hand of the appellant. He said that the impression that was on the reflector of the flash light was a somewhat perspiratory print and hard to handle, and the way it was put on the photograph taken under these conditions, it would not be as plain as the actual finger prints; that they had to enlarge it so as to be able to tell at a glance that they were the same. It appears from the evidence that there was no finger print on any of the tools and it does not appear whether there were other finger prints on the vault or any of the desks or furniture in the office, but, as said before, the only testimony of any finger prints was that of the purported middle finger on the reflector of the flash light found in said office.

A state's witness by the name of Gilbreath testified that he knew the defendant and knew the kind of automobile he drove; that he recalled the night someone attempted to burglarize the tax collector's office; that he saw the defendant's car that night; that it came out of Oak St., turned down 11th St., and went out the highway; that that was between 4:30 and 5 o'clock in the morning; that Oak St. was the first street west of the courthouse, and south of 11th street; that 11th street was the highway leading out to Fort Worth; that he saw the car turn that way. On cross-examination he testified that the defendant drove a Ford cabriolet, about a 1929 model; that there were several thousand of them in Taylor county, but it was of a grayish color; that he could tell it was gray color at night. That on the night in question he was about 50 or 75 feet from the car and it was traveling at a pretty good rate of speed. He couldn't say whether or not defendant was in the car and he couldn't say who was in the car; he couldn't see the numbers and didn't catch the numbers of the car. He also testified that he could be mistaken about that being the defendant's car; that the lights on the car were burning and he couldn't recognize the man in the car.

This was the only testimony offered by the state, either in direct or rebuttal testimony, that tended in any way to connect the appellant with the offense charged.

A Mrs. Russell testified for the appellant that on the 31st day of January, the day before the night of the burglary, she had asked the appellant to take her to Wichita Falls; they left about 6:45 or 7 o'clock in the morning and it was around noon when they got to Wichita Falls. They left Wichita Falls that night and got to Abilene about 11:30 o'clock. They stayed there a few minutes and when he left her house he left going towards his home, which was in the opposite direction from the courthouse.

Appellant's wife testified that he got home shortly after 11:30 o'clock and remained there the entire night.

It is shown by the evidence that appellant's car was a Ford coupe. Further testimony showed that some ten days prior to the alleged burglary, the appellant's garage had been broken into and some tools and a flash light taken therefrom. The tools found in the office or the tax collector were not identified as those of the appellant, and no further identification of the flash light as being that of the appellant was given.

After a careful consideration of all the evidence, we are of the opinion that the evidence is insufficient to meet the demands of the law as to circumstantial evidence, to the effect that the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused. Branch's Penal Code, sec. 1875; Trevino v. State, 38 Texas Crim. Rep., 64, 41 S. W., 608.

To warrant a conviction on circumstantial evidence, there should be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was a person who committed the offense or was a participant in its commission. See Branch's Penal Code, sec. 1877; Clifton v. State, 39 Texas Crim. Rep., 619, 47 S. W., 642.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court..