### CLAUD DAVIS V. THE STATE.

No. 16160. Delivered December 13, 1933.
Reported in 66 S. W. (2d) 343.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

The store of A. J. Hudson was burglarized on the night of August 13, 1932, and a quantity of merchandise was stolen therefrom. The witness Martin testified that about twenty days later, he observed three parties, one of whom was the appellant, at or near a spring in Floyd County, Texas, where two automobiles were parked. According to the witness, the situation of the cars and the parties indicated that they were endeavoring to screen themselves from the view of the public. Later, the sheriff of Briscoe County came upon the cars mentioned, whereupon the persons present fled. One of them named Stinson was captured but the other two escaped. The sheriff was unable to identify the appellant as one of the parties who had escaped. In the automobile which was abandoned a part of the stolen property mentioned was found. In October fol-

lowing the discovery made on September 2nd, the witness Martin and the sheriff went to Mineola, Arkansas, and there Martin identified the appellant as one of the persons whom he had seen at the automobile in September. There was evidence that finger-prints had been taken in the store from which the property was taken. One finger-print was in a drawer containing some dry goods, another was on a bottle and another was on a shoe box. The finger-print of the appellant was subsequently taken, and according to an expert witness on the subject of finger-prints, the print upon the drawer mentioned was identified as corresponding with that of the appellant. The other two finger-prints which were found in the building were not identified. The appellant had lived in the vicinity but had moved and at the time of the burglary was a resident of the State of Arkansas. Appellant introduced testimony sufficient, if believed, to establish an alibi.

The views of this court and others, expressed in the cases of Graves v. State, 43 S. W. (2d) 953, McGarry v. State, 82 Texas Crim. Rep., 597, Weathered v. State, 46 S. W. (2d) 701, are to the effect that finger-prints, while admissible, are not conclusive as to the identity of an individual. In the present instance, the finger-prints are but one of the circumstances available to the jury in reaching the conclusion as to whether the circumstances are such as to meet the measure demanded by the law in a case depending entirely upon circumstantial evidence. In the present case, note is to be taken of the following additional facts: The burglary took place on August 13, 1932. The first testimony affecting the appellant is that some twenty days after the burglary, he and other parties were at or near a spring in Floyd County. In October following, the appellant was seen in Arkansas, of which state he was a citizen. In considering the application of the law of circumstantial evidence, the identification of the appellant as having been seen with the two parties at the place where there were two automobiles some twenty days after the burglary was committed, is not regarded as a circumstance of sufficient cogency to connect him with the burglary committed some twenty days prior thereto. Appellant was not at that time shown to have been in possession of any of the stolen property. The evidence goes no further than to show that two other parties were near the automobile. Presumably they were the same parties who were seen near the automobile at the time part of the stolen goods was found. However, the appellant was not identified as one of those present at that time. None of the stolen property was found in possession of the appellant. In view of the record and the alibi established, the

state's attorney before this court has indicated that the evidence is not regarded by him as sufficient to meet the measure of the law demanded in a conviction upon circumstantial evidence. In such conclusion we are constrained to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*