PEOPLE *v.* GEORGE.

1. CRIMINAL LAW—QUESTIONS REVIEWABLE—WAIVER.
   Questions not argued in brief of appellant who had been convicted of crime of possession and sale of narcotics are deemed waived, hence, are not considered by Supreme Court (CL 1948 and CLS 1961, § 335.101 *et seq.*).

2. INDICTMENT AND INFORMATION—ADDITION OF COUNT—DISCRETION OF COURT.
   The addition of a count to an information is a matter for the discretion of the trial court whether it be requested by the prosecuting attorney or the defendant.

3. SAME—ADDITION OF COUNT.
   No statute or rule requires the trial court to add a count to an information at the request of either a prosecuting attorney or a defendant.

4. SAME—ADDITION OF COUNT—DISCRETION OF COURT—NARCOTICS.
   Denial of addition of a count charging addiction to narcotics in addition to counts charging illegal possession and sale, which addition had been made at the request of the defendant whose counsel indicated a willingness to have defendant plead guilty to addiction, *held*, not an abuse of discretion (CL 1948 and CLS 1961, § 335.101 *et seq.*).

5. CRIMINAL LAW—ADJOURNMENT OF TRIAL.
   Denial of defendant counsel's request for a week's adjournment in order to prepare for trial on charge against defendant for illegal possession and sale of narcotics *held*, not error, where trial did not actually begin until 6 weeks later (CL 1948 and CLS 1961, § 335.101 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 698.
[2–4] 27 Am Jur, Indictment and Information § 121.
   Effect of unauthorized amendment of criminal information or indictment. 101 ALR 1254.
[5] 17 Am Jur 2d, Continuance § 28.
[6] 53 Am Jur, Trial § 506.

6. POISONS—NARCOTICS—INFORMERS—IMPROPER ARGUMENT.

Prosecutor's argument that officers needed to use informers or so-called stool pigeons in stopping narcotics violations, made in closing argument in prosecution of one accused of illegal possession and sale in response to defense attorney's provocative and sarcastic attacks upon the record and integrity of the people's chief witness, an informer, *held,* cured by trial court's instruction to jury that such was improper argument and should be ignored (CL 1948 and CLS 1961, § 335.101 *et seq.*).

7. CRIMINAL LAW—NARCOTICS—WITNESSES.

Neglect of duty or error on part of trial court *held,* not established in prosecution on narcotics charge by claim of counsel for defendant that the prosecution's chief witness had telephoned such counsel that testimony against defendant had been given because latter had refused to marry the witness, and that the witness did not want defendant convicted, where it is not shown that trial court was informed of the occurrence before the case went to the jury or before verdict (CL 1948 and CLS 1961, § 335.101 *et seq.*).

Appeal from the Recorder's Court for the City of Detroit; O'Hara (John P.), J. Submitted February 5, 1965. (Calendar No. 51, Docket No. 50,758.) Decided April 9, 1965. Delayed motion for rehearing dismissed May 10, 1966.

Marie George was charged with illegal possession and sale of narcotics, and as a second offender. Conviction obtained on charges of possession and sale. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Oscar E. Liggett,* for defendant.

DETHMERS, J. Defendant was charged in complaint and warrant with (1) possession and (2) sale

of narcotics.[1] She was also charged therein as a second offender.[2] After preliminary examination she was bound over for trial on the 2 counts of possession and of sale, but not as a second offender. An information was filed charging accordingly. She filed a motion to quash. This was denied. In argument on the motion, defendant's counsel asked that a count be added to the information charging "addiction". He said the assistant prosecuting attorney had agreed that he would add such count and counsel indicated that defendant would plead guilty to such charge. The court denied the motion to quash and defendant's request to add the "addiction" count.

The jury found defendant guilty of both possession and sale.

Defendant's brief, in 4 pages, states 10 questions as being involved in this appeal. In its 3 pages of argument only 5 questions are discussed or mentioned. The others are to be deemed waived and will not be considered by this Court. *People* v. *Thompson,* 221 Mich 621; *People* v. *Coapman,* 326 Mich 321.

Was it error for the court to decline to permit the addition of an "addiction" count to the information? No statute or rule requires the court to add a count at the request of defendant, nor even on motion of the prosecuting attorney. It is a matter for the discretion of the court. There is no showing of abuse of discretion in this connection.

Before the court on December 30, 1963, defendant's counsel asked for an adjournment for 1 week in order to have time to prepare for trial. This was denied. It appears from the record that trial did not actually begin until February 10, 1964. Thus, coun-

---

[1] CL 1948 and CLS 1961, § 335.101 *et seq.* (Stat Ann 1961 Cum Supp § 18.1101 *et seq.*).—REPORTER.

[2] CL 1948, § 769.10 (Stat Ann 1962 Rev § 28.1082).—REPORTER.

sel had more than the requested 1 week's time to prepare for trial. No error.

Defendant complains of statement in assistant prosecutor's closing argument to jury that the only way officers can stop narcotics violations is by use of informers or so-called stool pigeons, and that a verdict of not guilty would amount to telling officers charged with enforcement of the narcotics law, "Well, too bad, boys, you will just have to let these people go on." The court immediately stated to the jury that this was improper argument and directed them to ignore it. The prosecutor's remarks were provoked and made in response to defense counsel's sarcastic attacks upon the record and integrity of the people's chief witness, the informer, and upon the officers for using him to make the buy from defendant. The record shows considerable provocation for the remarks. The court's instruction on the matter cured such error as occurred. We find no reversible error in this regard.

Finally, defendant's counsel says that after both sides had rested their case but before it had gone to the jury, the witness for the people, who made the buy and was the informer, called him by telephone at 10:30 p. m. and said that he did not want defendant convicted and that he had testified falsely against her because she had refused to marry him. Counsel says that he informed the trial judge of this telephone call. He contends that it was error for the judge not to have called that witness into open court and questioned him under oath before the jury about the call. Defendant's motion for new trial and supporting affidavit by her counsel refer to the telephone call, but no allegation is made therein, nor is it stated in the brief or appendix, that counsel informed the court of that occurrence before the case went to the jury the next morning or before verdict. Nothing affirmatively appears, therefore, to establish

neglect of duty or error on the part of the trial court in this connection.

Affirmed.

Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred with Dethmers, J.

T. M. Kavanagh, C. J., concurred in result.