PEOPLE *v.* WARE.

OPINION OF THE COURT.

1. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY—FIN-
GERPRINTS.

Fingerprints corresponding to those of the accused must have
been found in the place where the crime was committed under
such circumstances that they could only have been impressed
at the time the crime was committed in order to sustain a
conviction.

2. SAME—EVIDENCE—FINGERPRINTS.

The evidence of experts as to the identity of latent and actual
palm prints is a proper subject for the consideration of the
jury and the weight to be given such testimony is for them
to determine.

3. SAME—SUFFICIENCY OF EVIDENCE—FINGERPRINTS.

Discovery of defendant's fingerprint on a piece of glass at the
scene of a breaking and entering when the piece of glass had
been broken out of a door that was not normally used by
the public and, testimony by the owner of the establishment
which was broken into that he had never seen defendant there
*held,* sufficient to sustain a conviction for breaking and enter-
ing with intent to commit larceny (CL 1948, § 750.110, as
amended by PA 1964, No 133).

4. SAME—INSTRUCTIONS TO THE JURY.

A trial judge should refuse to give instructions on a theory
for prosecution or defense if there is no evidence to sustain
that theory.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 8, 9] 29 Am Jur 2d, Evidence §§ 374, 375, 770.
  Fingerprints, palm prints, or bare footprints as evidence, 28 ALR
  2d 1115.
[4, 5] 53 Am Jur, Trial § 627.
[6, 7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

5. SAME—INSTRUCTIONS TO JURY—ACCOMPLICES—EVIDENCE.
 Giving of instruction on guilt of accomplices in commission of crime *held*, error, where the theory of prosecution for breaking and entering with intent to commit larceny was that defendant had participated with others in the breaking and entering, but the proof was circumstantial evidence of defendant's presence, and only evidence of presence of others was use of word "they" by some witnesses (CL 1948, § 750.110, as amended by PA 1964, No 133; CL 1948, § 767.39).

6. SAME—APPEAL AND ERROR—FAILURE TO OBJECT AT TRIAL.
 The appellate court will not consider errors by the trial court claimed on appeal where no objection was made at trial.

DISSENTING OPINION:

PETERSON, J.

7. CRIMINAL LAW—APPEAL AND ERROR—FAILURE TO OBJECT.
 *The trial judge in a criminal case should act without the prompting of counsel in matters possibly important to the outcome of the trial, and error unchallenged is not waived in such cases.*

8. SAME—SUFFICIENCY OF EVIDENCE—FINGERPRINTS.
 *A fingerprint found at the scene of a crime is sufficient to convict if the circumstances prove that the fingerprint could only have been impressed at the time the crime was committed.*

9. SAME—SUFFICIENCY OF EVIDENCE—FINGERPRINTS.
 *A fingerprint shown to be that of the defendant found on a piece of glass broken out of a door in a bar is not sufficient to convict defendant of breaking and entering when that door was a place accessible to the public and was not the point of illegal entry (CL 1948, § 750.110, as amended by PA 1964, No 133).*

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J. Submitted Division 1 February 8, 1968, at Detroit. (Docket No. 2,499.) Decided July 25, 1968.

Nora Bell Ware was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Thomas P. Smith*, Assistant Prosecuting Attorney, for the people.

*Chester Kasiborski*, for defendant on appeal.

BURNS, J. Defendant was convicted by a jury of the offense of breaking and entering with intent to commit larceny.*

Between 3:30 a.m. and 7:00 a.m., June 10, 1965, the "D" bar located in Detroit was broken into, and money, whiskey and cigarettes were taken. Although entry was also made through the basement door, there was testimony indicating that other entrance doors were broken or partially broken. At 3:00 o'clock on the morning of the crime the owner secured by a hook lock and bolt an outside door leading from an alley into a storage shed which was attached to the rear of the bar. *This door had been forced open.* There was also evidence of an attempt to break open a second door leading from the shed into the bar's kitchen; a window in that door had been broken. Broken glass from that window had been piled on a beer case in the shed. Early that same morning the owner of the bar moved the pile of glass to the kitchen for police examination. The police and bar personnel were careful not to let anyone touch the glass until the fingerprint officer arrived. The defendant's fingerprint was found on one piece of the glass and constituted the only evidence connecting the defendant to the crime. The owner and operator of the bar in question testified that he had never seen the defendant in his bar.

---

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

The defendant claims the evidence is not sufficient to sustain a conviction. The general rule as to what proof is required for a conviction where finger-prints are involved, is set forth in 28 ALR 2d 1154:

"To warrant a conviction, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed."

*People* v. *Harris* (1960), 358 Mich 646, cited by the defendant, is distinguishable because the evidence in that case clearly did not come within the rule enunciated above. In the case of *People* v. *Les* (1934), 267 Mich 648, the Court held that a palm print of the defendant's right hand found on the rear bedroom windowsill through which the offender gained entrance was sufficient evidence to find probable cause. Notwithstanding the fact that the court was considering proof of probable cause, the Court said on p 652:

"The evidence of experts as to the identity of latent and actual palm prints is a proper subject for the consideration of a jury, and the weight to be given such testimony is for the jury to determine."

The circumstances surrounding the discovery of defendant's fingerprint sufficiently support the jury's verdict of guilty.

Defendant claims the court erred in its charge to the jury by quoting and summarily explaining CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979) which provides:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted,

indicted, tried and on conviction shall be punished as if he had directly committed such offense."

During the course of the trial some witnesses when questioned concerning the breaking and entering used the word, "they." The theory of the people was to the effect that the defendant, with others, perpetrated the breaking and entering. However, there was no substantive proof to justify such a theory or the instructions given by the court. A court should refuse to give instructions upon a theory of defense where there is no evidence tending to establish it. *People* v. *Knox* (1961), 364 Mich 620; *People* v. *Chivas* (1948), 322 Mich 384. By virtue of the same reasoning it is reversible error for the court to give instructions upon a theory for the prosecution which is unsupported by the evidence. See *People* v. *Goodrode* (1903), 132 Mich 542.

The other claimed errors involve the examination of one witness and argument of the prosecutor. The defendant did not object to the questions proposed to the witness nor to the prosecutor's argument. We will not consider them at this time on appeal. See *People* v. *Fedderson* (1950), 327 Mich 213, and *People* v. *Zesk* (1944), 309 Mich 129.

Reversed and remanded for a new trial.

HOLBROOK, J., concurred with BURNS, P. J.

PETERSON, J., (*dissenting*). I agree that the judgment must be vacated, and add that I consider the other errors referred to equally fatal to the conviction notwithstanding the failure of counsel to make timely objection thereto at trial.* Because of

---

* The errors essentially involved a hearsay abuse, analogous to that in *People* v. *Thomas* (1960), 359 Mich 251, and *Douglas* v. *Alabama* (1965), 380 US 415 (85 S Ct 1074, 13 L Ed 2d 934). It is not a novel proposition to require the trial judge to act without prompting of counsel in matters important to the possible outcome

my view of the fingerprint evidence, however, I would discharge the defendant.

The only competent evidence offered to prove defendant's guilt is a fingerprint, taken from a piece of broken glass, which was proved by comparison to be that of defendant. The glass bore other unidentified fingerprints. It came from a door which was not the point of unlawful entry, although damaged during the same night as the burglary, which was accessible to the public.

The general proposition stated by the annotator in 28 ALR 2d, pp 1150 and 1154, is that a fingerprint found at the scene of a crime is sufficient to convict if the circumstances prove the print could only have been impressed at the time the crime was committed. The statement is merely a particularization of the view taken of circumstantial evidence generally,—namely, that it must be such as to exclude every reasonable hypothesis except that of guilt in order to warrant a conviction. See *People* v. *Sessions* (1886), 58 Mich 594, 606:

> "In criminal cases not only must each of the facts from which the inference is drawn be proved beyond any reasonable doubt, but the inference itself must be such as admits of no other rational conclusion."

The existence of a fingerprint on a given object or in a given place proves only that the person identified by the fingerprint at some time touched the object or was at the particular place. The cases annotated in the ALR reference above deal not alone with the adequacy of fingerprints to establish identity, but with the circumstances under which an inference of guilt is permissible from such proof that the accused had been, at some time, at the place

---

of the trial, and error unchallenged is not waived in such cases; *e. g., People* v. *Nawrocki* (1965), 376 Mich 252; *People* v. *George* (1965), 375 Mich 262.

where the crime was committed. Circumstances bearing on access and the time when the print could have been impressed are not merely relevant, but must, *in toto,* admit of no other rational conclusion than that the presence demonstrated by the fingerprint was at the time of the commission of the offense.

In *People* v. *Harris* (1960), 358 Mich 646, the fingerprint of the accused on a sack containing marijuana found in another's apartment was held insufficient to sustain a conviction. In *People* v. *Les* (1934) 267 Mich 648, defendant's palmprint on the windowsill where an unlawful entry was made into a private home was considered. The opinion dealt at length with the technical aspects of palmprint identification and found it trustworthy. The opinion did not review such proof other than in terms of admissibility, but concluded, without discussion, that it was there sufficient for an examining magistrate to find probable cause and bind over the defendant for trial. Apart from distinctions between probable cause to hold for trial and proof of guilt beyond a reasonable doubt, the case at hand involves substantially different facts than did *Les, supra.* Here we have a public bar; in *Les,* a private home. The back door of the "D" bar was a place accessible to and frequented by the public; the rear bedroom window of a private home was not. And that window, in *Les,* was the point of unlawful entry, while the entry here was not made at the point where the fingerprint was found. Having proved that defendant had at some time touched the window of the back door of the "D" bar, along with other unidentified persons whose prints were found on the broken glass, can it be said that the only rational conclusion permissible is that her print could only have been placed on the *exterior* side of the glass between 3:30 and 7:00 a.m. of June 10, 1965, or was placed

on the glass in moving it after it was broken in those hours, and that this was done incident to an attempted unlawful entry which was successfully accomplished at a different point? I cannot arrive at such a conclusion, excluding every other reasonable hypothesis consistent with these facts. I do not believe the jury should have been permitted to do so. See *McGarry* v. *State* (1918), 82 Tex Crim 597 (200 SW 527); *Graves* v. *State* (1931), 119 Tex Crim 68 (43 SW2d 953); *Weathered* v. *State* (1932), 119 Tex Crim 90 (46 SW2d 701); *Anthony* v. *State* (1951), 85 Ga App 119 (68 SE2d 150); *State* v. *Minton* (1948), 228 NC 518 (46 SE2d 296); and *McLain* v. *State* (1945), 198 Miss 831 (24 So 2d 15).