

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00373-CR

ARTURO LOPEZ,

                                                      **Appellant**

 v.

THE STATE OF TEXAS,

                                                      **Appellee**

---

### From the County Court at Law
### Ellis County, Texas
### Trial Court No. 2210619

---

## MEMORANDUM OPINION

---

In two issues, appellant, Arturo Lopez, challenges his conviction for criminal trespass, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 30.05. Specifically, appellant contends that there was a variance between the indictment and proof at trial and that the evidence is insufficient to support his conviction. We affirm.

## Background

In March 2021, Azucena Lopez bought a 16.77-acre property in Palmer, Texas, from her mother. The property is divided into two sections: a residential section that is about one acre and contains a home and a section that is zoned as farmland. The residential section is listed as 2616 Wilson Road and is where Azucena lives with her wife, Vanessa Pillow, and Pillow's two children. Azucena's brother, appellant, lived in a mobile home and later a shack on the section of the property that is zoned as farmland. The farmland section of the property is listed as 2588 Wilson Road.

On July 29, 2021, appellant was given a criminal trespass warning for jumping the fence and running an electrical cord from Azucena's home at 2616 Wilson Road. Thereafter, Azucena filed an eviction petition against appellant for the property at 2588 Wilson Road. She ultimately received a writ of possession, but physical eviction was never completed because of a paperwork error, and because appellant moved to Mexico.

On June 19, 2022, Pillow observed appellant filling a large jug from the "water hydrant" on the property located at 2616 Wilson Road. Appellant did not have permission to be on the 2616 Wilson Road property. The entire property at 2616 Wilson Road is fenced in and has a no trespassing sign posted on the gate. The gate has a chain and a lock, and appellant does not have a key to the gate. After seeing appellant trespass onto the 2616 Wilson Road property, Pillow called Azucena and then the police.

Appellant quickly left the property by jumping over the fence. Pillow took pictures of appellant jumping over the fence back to the property at 2588 Wilson Road.

Appellant was charged by information with misdemeanor criminal trespass. At the conclusion of trial, the jury found appellant guilty of the charged offense and assessed punishment at 180 days in jail with a $1,000 fine. The trial court certified appellant's right of appeal, and this appeal followed.

**Alleged Variance Between the Information and the Proof at Trial**

In his first issue, appellant contends that a material variance exists between the information and the proof at trial. Appellant argues the State failed to prove that appellant committed the offense of criminal trespass because the information alleged that Pillow is the owner of the property at 2616 Wilson Road even though the evidence presented at trial established that Azucena is the owner.

STANDARD OF REVIEW & APPLICABLE LAW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams*

*v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A variance occurs when there is a discrepancy between the allegations in the charging instrument and the evidence presented at trial. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). "In a variance situation, the State has proven the defendant

guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

In an evidentiary-sufficiency analysis, there are two types of variances: material and immaterial variances. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). A variance is material if it: (1) fails to adequately inform the defendant of the charge against him; or (2) subjects the defendant to the risk of being prosecuted later for the same crime. *Ramjattansingh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018); *Gollihar*, 46 S.W.3d at 258. A sufficiency review does not rest on how the jury was instructed, but we review whether the evidence supports the elements of the charged crime. *Walker v. State*, 594 S.W.3d 330, 335-36 (Tex. Crim. App. 2020). The elements of the charged crime are defined by the hypothetically correct jury charge that accurately sets out the law, is authorized by the charging instrument, does not unnecessarily increase the State's burden or proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* at 336. "As authorized by the indictment" means the statutory elements of the offense as modified by the charging instrument. *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019). "Only material variances will affect the hypothetically correct jury charge" and render the evidence legally insufficient. *Hernandez v. State*, 556 S.W.3d 308, 312 (Tex. Crim. App.

2017).  On the other hand, "[a]llegations giving rise to immaterial variances may be disregarded in the hypothetically correct [jury] charge."  *Gollihar*, 46 S.W.3d at 257.

In addition to the foregoing, variances can occur in two different ways.  *Hernandez*, 556 S.W.3d at 313.  The first way—called a statutory variance—involves the statutory language that defines the offense and occurs when the State's proof at trial deviates from the statutory theory of the offense as alleged in the charging instrument.  *Id.*  This type of variance is always material and renders the evidence legally insufficient to support the conviction.  *Id.*  The second way—called a non-statutory variance—occurs when the State's proof deviates from a "'non-statutory allegation that is descriptive of the offense in some way.'"  *Id.* at 313-14 (quoting *Johnson*, 364 S.W.3d at 294).  A non-statutory variance can be either material or immaterial, depending on whether it would result in a different offense than what the State alleged in the indictment.  *Id.* at 314.

A person commits the offense of criminal trespass if the person enters or remains on property of another, without effective consent, and the person had notice that the entry was forbidden or received notice to depart but failed to do so.  TEX. PENAL CODE ANN. § 30.05(a)(1)-(2).  Ownership is not an element of criminal trespass.  *Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).

In arguing that a variance existed in this case, appellant asserts that although ownership is not a necessary allegation to prove the offense of criminal trespass, when the State alleges an owner of the property, it is required to prove that ownership

allegation. *See id.* at 721 ("Because the State elected to prosecute appellant on an 'unnecessary specific allegation,' the issue of ownership is germane to the instant case."). However, since *Langston* was decided, the Court of Criminal Appeals has required sufficiency of the evidence to be analyzed under the hypothetically correct jury charge. *See Gharbi v. State*, 131 S.W.3d 481, 483 (Tex. Crim. App. 2003); *see also Adames v. State*, 353 S.W.3d 854, 861-63 (Tex. Crim. App. 2011) (explaining that an appellate court applies the *Jackson v. Virginia* standard of review to the hypothetically correct jury charge). In *Gharbi*, the Court of Criminal Appeals addressed the issue of whether the evidence is sufficient to support a conviction for an offense when the charging instrument contains an unnecessary allegation. *See* 131 S.W.3d at 481. The *Gharbi* Court held that an allegation in a charging instrument that is "not a statutory element or an 'integral part of an essential element of the offense'" may be disregarded. *Id.* at 483 (quoting *Gollihar*, 46 S.W.3d at 253-55). Thus, in this case, because ownership is not an element of the offense of criminal trespass, the State was not required to prove ownership. *See Langston*, 855 S.W.3d at 721.

In any event, appellant emphasizes that because the charging instrument did not allege the "property of another," but rather the property of Pillow, the State failed to meet its burden of proof. We disagree.

The information alleged that appellant "intentionally and knowingly enter[ed] the property of another, namely Vanessa Pillow," in Ellis County, Texas. This is a sufficient allegation in a criminal trespass case. *See Franks v. State*, 688 S.W.2d 502, 503 (Tex. Crim.

App. 1985); *Chunn v. State*, 821 S.W.2d 718, 721 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) ("Trespass is an offense against the owner's possession and control of property, not an offense against the property itself. Alleging that the offense occurred on March 24, 1990, in Harris County, Texas, on Leslie Moore's property is sufficient" (internal citation omitted)); *Reed v. State*, 762 S.W.2d 640, 645 (Tex. App.—Texarkana 1988, pet. ref'd) ("Trespass is an offense against the owner's possession and control of property, rather than an offense against the property itself . . . . The location of the property is not an element of the offense. Thus, the allegation that the crime occurred in Galveston County is sufficient to meet the notice requirements." (internal emphasis and citations omitted)).

Furthermore, to the extent that appellant complains that the information wrongly identified Pillow as the owner of the property located at 2616 Wilson Road, we note that when two people are joint possessors of property, even if only one is the legal owner, either may be alleged for the purpose of prosecuting criminal trespass. *See Weathered v. State*, 119 Tex. Crim. 90, 46 S.W.2d 701, 701 (Tex. Crim. App. 1932); *Duncan v. State*, 49 Tex. Crim. 150, 91 S.W. 572, 573 (Tex. Crim. App. 1905); *see also Vanderburg v. State*, 874 S.W.2d 683, 684 (Tex. Crim. App. 1994) (holding that the State may establish ownership in a trespass case by proving the complainant had a greater right to possession of the property than the defendant); *In re J.V.*, No. 04-12-00707-CV, 2013 Tex. App. LEXIS 5941, at **7-8 (Tex. App.—San Antonio May 15, 2013, no pet.) (mem. op., not designated for publication) (same). Here, the information alleged that appellant entered on the property

of another, namely Pillow's, without consent and that appellant had notice that entry was forbidden. Further, the evidence presented at trial established that Pillow lives at the property at 2616 Wilson Road with her two children and her spouse, Azucena, and that Pillow manages the property when Azucena is away on National Guard duties, as she was on the date of this offense. Therefore, based on the foregoing, we cannot say there was a variance between the pleading and the proof in this case. As such, we overrule appellant's first issue.

### Sufficiency of the Evidence

In his second issue, appellant complains that the evidence is insufficient because the State did not negate his claim that he lived on the property. In support of his argument, appellant emphasizes that he lived on the property through the date Azucena purchased the property from her mother and that Azucena never completed the eviction process.

A review of the record shows that appellant did not live at the property at 2616 Wilson Road after Azucena purchased both it and the property at 2588 Wilson Road from her mother. Rather, appellant resided next door in a mobile home and later a shack on the 2588 Wilson Road property. The record also reflects that the property located at 2616 Wilson Road was fenced in with a chain and lock and had a no trespassing sign. Both Azucena and Pillow testified that appellant did not have permission to be on the property at 2616 Wilson Road.

In his testimony, appellant disclaimed any ownership interest in 2616 Wilson Road by stating, "I don't want anything to do with that property." Moreover, appellant's reliance on Azucena's failure to complete the eviction proceedings is unpersuasive because the eviction proceedings pertained to the property at 2588 Wilson Road, not 2616 Wilson Road—the property appellant trespassed upon.

And as mentioned earlier, Pillow observed appellant filling a large jug from the "water hydrant" by the house located at 2616 Wilson Road despite not having permission to be on the property. Pillow took pictures of appellant jumping over the fence back to the property at 2588 Wilson Road. These pictures were admitted into evidence.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant trespassed on the property of another and that the property was not appellant's. *See* TEX. PENAL CODE ANN. § 30.05; *see also Zuniga*, 551 S.W.3d at 732-33. And to the extent that the evidence conflicts, we note that jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see also Green v. State*, 607 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The jury may choose to believe or disbelieve all or part of a witness's testimony, and to the extent conflicts in the evidence exist, we presume the jury resolved any conflicts in the evidence in favor of the prevailing party. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016) ("We defer to the

jury's finding when the record provides a conflict in the evidence."); *see also Green*, 607 S.W.3d at 152. Accordingly, we hold that the evidence is sufficient to support appellant's conviction for criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05; *see also Zuniga*, 551 S.W.3d at 732-33. We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson,
  and Justice Smith
Affirmed
Opinion delivered and filed June 7, 2023
Do not publish
[CR25]

