PEOPLE *v.* YANCY

1. CRIMINAL LAW—TRIER OF FACT'S ROLE—CREDIBILITY—WEIGHT—
   APPEAL AND ERROR.

   The trier of fact is the sole arbiter of the credibility of the wit-
   nesses and the weight to be given testimony in a criminal
   case; a jury's verdict of conviction will not be overturned on
   appeal where the prosecution produced evidence which tended
   to prove the elements of the crime.

2. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—PROSECUTOR'S PERSON-
   AL BELIEF.

   Prosecutor's telling the jury, in final argument, that his office
   goes through a complicated determination on the basis of
   existing evidence as to a defendant's guilt before it obtains
   the issuance of a warrant was not error where, in the very
   next sentence, the prosecutor conveyed his uncertainty of
   defendant's guilt and told the jury that it was the sole deter-
   miner of guilt, because the prosecutor had not expressed a
   personal belief as to the guilt of the defendant.

Appeal from Recorder's Court for the City of
Detroit, Joseph A. Gillis, J. Submitted Division 1
April 6, 1971, at Detroit. (Docket No. 10640.) De-
cided April 30, 1971.

Otis Basil Yancy was convicted of armed robbery.
Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 831.
[2] 53 Am Jur, Trial §§ 453–504.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). The victim testified that defendant had robbed her at gunpoint of money and a wristwatch on September 21, 1969. The witness had previously identified defendant as the perpetrator of the crime in a show-up.

Defendant interposed the defense of alibi. Defendant took the stand and testified that he was viewing television at a neighbor's house when the robbery was being committed. The neighbor corroborated this testimony.

Defendant raises three assignments of error. First, defendant maintains that the jury's verdict below must be reversed in that the prosecution failed to present sufficient evidence by which the jury could have found defendant guilty beyond a reasonable doubt. The jury is, of course, the sole arbiter of the credibility of the witnesses and the weight to be given testimony in a criminal case. *People* v. *Gray* (1970), 23 Mich App 139. Where, as here, the prosecution produces evidence which tends to prove the elements of the crime, the jury's verdict must stand. See *People* v. *Spann* (1966), 3 Mich App 444, 451; *People* v. *Cunningham* (1969), 20 Mich App 699.

Secondly, defendant contends that the prosecutor, in his final argument before the jury, expressed a personal belief that defendant was guilty. *People v. Hill* (1932), 258 Mich 79. The prosecutor told the jury that his office goes through a complicated determination on the basis of existing evidence as to defendant's guilt before it obtains issuance of a warrant. The prosecutor's argument was not objected to.

This alleged error is a singular example of quotation out of context. The record reveals that the very next sentence after the one complained of conveys the uncertainty of the prosecutor as to defendant's guilt and that the determination of guilt was solely for the jury as trier of fact. No error exists on this score.

We need not pass upon defendant's final assignment of error that the victim's identification of defendant was inadmissible as the fruit of an illegal arrest, *Davis* v. *Mississippi* (1969), 394 US 721 (89 S Ct 1394, 22 L Ed 2d 676), inasmuch as defendant failed to register timely objection below. Such omission waives such error on appeal. *People* v. *Childers* (1969), 20 Mich App 639; *People* v. *Mc-Clendon* (1970), 21 Mich App 142.

Affirmed.