PEOPLE v GERALD JACKSON

OPINION OF THE COURT

1. LARCENY—EVIDENCE—SUFFICIENCY.

Evidence that defendant was an occupant, when arrested, of a silver-grey Cadillac with a black vinyl top bearing out-of-state license plates, which had been seen near a hardware store where a larceny had occurred, and that defendant's fingerprints were found on a cashbox stolen from the hardware and later found abandoned in a rural area, together with defendant's attempt to explain these facts, was sufficient to warrant submitting the question of defendant's participation in the larceny to a jury (MCLA 750.360).

2. LARCENY—EVIDENCE—FINGERPRINTS—EXCULPATORY TESTIMONY.

Exculpatory testimony offered by a defendant to explain how and under what circumstances his fingerprints were placed on a moneybox stolen from a hardware store and found by the side of a road created a question of fact for the jury regarding his credibility as a witness since his ability to persuade the jury that he did not participate in the larceny but only accidentally touched the cashbox, taken by his companions, depended upon defendant's credibility (MCLA 750.360).

DISSENT BY TARGONSKI, J.

3. LARCENY—EVIDENCE—SUFFICIENCY.

*Absent any evidence that a defendant was ever in a store in which a larceny charged was committed, or that he served as an abettor, or that he had any knowledge of the crime before or after its commission, his conviction of larceny in a building should be reversed (MCLA 750.360).*

4. LARCENY—EVIDENCE—SUFFICIENCY.

*Evidence that a defendant was probably in the area of a hard-*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 449.
[2] 30 Am Jur 2d, Evidence § 1090 *et seq.*
[3, 4] 50 Am Jur 2d, Larceny § 9 *et seq.*

*ware store in which a larceny occurred and that on some occasion he touched the cashbox which had been taken from the store, although creating a robust suspicion of defendant and his activities at that time, did not constitute proof that he was guilty of the larceny beyond a reasonable doubt and, absent any such proof, the question of his guilt or innocence should not have been submitted to the jury (MCLA 750.360).*

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 March 7, 1972, at Lansing. (Docket No. 10646.) Decided August 28, 1972. Leave to appeal denied, 388 Mich 804.

Gerald Jackson was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Arthur E. Lux,* Assistant Prosecuting Attorney, for the people.

*Daniel S. Seikaly,* Assistant State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

BRONSON, J. Defendant was convicted by a jury verdict of larceny in a building. MCLA 750.360; MSA 28.592. He was sentenced to serve a prison term of 2-1/2 to 4 years. Defendant challenges the validity of this conviction, claiming that there was insufficient evidence to support a finding of his participation in the crime charged.

The nature of the issue raised requires a longer statement of facts than usual. At approximately noon on April 16, 1970, a man entered the Stadium Hardware Store in Ann Arbor, Michigan, and talked to the co-owner about purchasing some

─────────

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

casters. During this conversation a second customer entered the store and went to the paint department at the rear of the store. Upon a suggestion by the first customer the co-owner went to the paint department to assist the other customer. While he was so occupied, the first customer left the store. Thereafter the second customer also left.

A short time later, the co-owner discovered that a cashbox containing approximately $140 in cash which was normally kept on a shelf under the counter was missing. The co-owner could not identify either of the two men he had waited upon immediately prior to the discovery.

A witness in the vicinity of the hardware store at approximately noon observed two men enter a silver grey Cadillac with a black vinyl top bearing out-of-state license plates. He testified that one of the men "was concealing something under his coat". The car was not hurriedly driven away but rather waited a few minutes during which a third man approached the car and entered the back seat.

On the same day between noon and 12:10 p.m., a meter maid for the Ann Arbor Police Department heard on her radio that a robbery had occurred at Stadium Hardware and that a silver Cadillac with a black vinyl top bearing out-of-state license plates might be involved. Since she had just ticketed such a car she radioed its location and continued to observe it until a patrol car arrived. Three men got into the car but were intercepted by a patrol car one block later. Defendant was an occupant in the car and was arrested for the crime charged.

At trial the people produced additional evidence indicating that the stolen cashbox was found in a rural area of town with defendant's fingerprints thereon. Defendant offered exculpatory testimony

attempting to explain his presence in the car and fingerprints on the cashbox. He stated that he was en route to a job interview in Detroit, for which purpose he had obtained a ride with the others. The trio stopped in Ann Arbor for the purpose of obtaining food and gas. While at a Marathon gas station defendant went into the restroom for approximately 15 minutes. When he came out he found the car parked down the street in front of a store waiting for him. As he entered the back seat he observed a grey metal box which he may have moved by his hands or feet. The trio then proceeded downtown to Kresge's to find something to eat. Not finding anything they wanted to eat, they decided to leave. The others proceeded to the car while defendant attended the restroom, after which he rejoined them. As they proceeded to leave town they were arrested by the police.

Defendant claims that this evidence proves only that he was in the car and accompanied the others. He argues that the circumstantial evidence offered is as consistent with innocence as guilt. By way of explanation defendant states that although he may have touched the cashbox in the back seat he did not participate in the theft. He further opined that since he did not observe the others open the box, it must have been opened and discarded while he was in the restroom at Kresge's store.

The circumstantial nature of the evidence in this case requires our allegiance to the jury's function of fact-finding. We conclude that this question of whether there was sufficient evidence of defendant's participation in the crime charged to send the case to the jury should be answered in the affirmative.

We cannot agree that the only evidence impli-

cating defendant was as consistent with innocence as guilt. There are sufficient facts and inferences which support the jury's verdict. This is not merely a fingerprint case in which the fingerprints fail to occur under such circumstances that they could only have been impressed at the time the crime was committed. Defendant's attempt to answer how and under what circumstances his fingerprints were placed on the stolen money box created a question of fact to be resolved by the jury. *People v Miller,* 301 Mich 93 (1942); *People v Hudson,* 386 Mich 665 (1972); *People v McIntosh,* 6 Mich App 62 (1967). Defendant's ability to persuade the jury that his alternative theory exculpating him from the crime was true depended upon his credibility. Evaluations of such credibility likewise fall exclusively within the purview of the jury. *People v Yancy,* 33 Mich App 352 (1971); *People v Stewart,* 36 Mich App 93 (1971). Its failure to believe him should not be subject to challenge by a claim that there was insufficient evidence to send the case to it.

The jury's disbelief may be attributed to the fact that defendant's recitation of the sequence of events failed to provide sufficient time in which the crime could have occurred in his absence. This shortcoming, combined with a challenge to defendant's credibility, the facts in evidence and the permissible inferences, constitute sufficient circumstantial evidence to be heard by the jury. *People v Eaves,* 4 Mich App 457 (1966); *People v Williams,* 11 Mich App 62 (1968); *People v Ware,* 12 Mich App 512 (1968). The jury's function of determining credibility, resolving conflicts, and judging the validity of permissible inferences drawn from the facts at issue must be held inviolate. The fact that the present case is based upon circumstantial evi-

dence should not lead us away from this principle. Defendant's conviction should not be set aside.[1]

Affirmed.

Lesinski, C. J., concurred.

Targonski, J. *(dissenting).* I accept the statement of facts in the opinion of the majority for purposes of this dissent with some modification. There is no scintilla of evidence that *this* defendant was ever in the store in which the larceny was committed or served as an abettor or had any knowledge of the crime before or after the larceny. The prosecution presented no evidence whatever linking the defendant to the larceny of the cashbox from the hardware store. They relied entirely on the fact that the defendant was present in the Cadillac automobile with two other men and that his fingerprints appeared on the cashbox which was found abandoned on a side road several miles away from the scene of the crime.

The Supreme Court in *People v Gadson,* 348 Mich 307, 310 (1957), stated:

"A verdict of guilty in a criminal case cannot properly rest on a mere preponderance of the evidence, but should be based on proof that leaves no reasonable doubt of guilt. (Citations omitted.)"

In *People v Spann,* 3 Mich App 444, 453 (1966), appellant Adams, with others, was convicted of larceny and conspiracy. The prosecutor's case against Adams was wholly circumstantial as in this case. In reversing Adams' conviction the court stated:

"There is no doubt in the mind of this Court that the [larceny in a building] was part of a very elaborate

---

[1] *Cf. People v Fry,* 17 Mich App 229 (1969).

conspiracy to commit the larceny of goods from Sak's; however, the people have failed to show that Leonard Adams was a part of the conspiracy. It would matter not that this Court might feel instinctively that the facts surrounding Leonard Adams were more than mere coincidences. The presumption of innocence under our system of jurisprudence is no idle philosophical expression. This presumption surrounds defendant Adams as thoroughly and completely as a cloak of the hardest steel vulnerable only to proof beyond a reasonable doubt. It is the reasonable possibility of innocence which can be attached to Adams' involvement herein that causes us to find for Adams."

In *Spann*, the prosecutor presented facts which placed Adams' vehicle at the scene and tended to show his participation in a system of marking bales which were to become the objects of the larceny. There the Court said that these facts standing alone or together were as consonant with innocence as with guilt. *People v Spann, supra,* p 452.

It has been suggested that *Spann* is no longer the law as it was allegedly modified by *People v Hudson,* 386 Mich 665 (1972). My reading of *Hudson* does not square with this conclusion. I do not believe that there is any testimony in this case to raise a fact issue to determine whether defendant was in the building in which the larceny was committed. Consequently, I believe *Spann* is still dispositive and proper law applicable to this case.

The best that we can say for the prosecution's proofs in this case is that there was evidence that three men in a 1966 Cadillac, silver-grey with black vinyl top, were in the general area of Stadium Hardware at approximately the time that the cashbox was noticed missing. One of the three occupants of the vehicle was "attempting to conceal something under his coat" as he was getting

into the car. A box similar to the one missing from the hardware store turned up on a side road at a later hour and one of the defendant's fingerprints was found on this box. The defendant and two other men were later arrested in the Cadillac vehicle in question. Since up to the point of arrest there was no identification of any of the occupants of the Cadillac automobile, nor the two men who were in the hardware store immediately prior to the notice of disappearance of the cashbox, except for the fact that they were colored, we cannot say with certainty nor could it be found beyond a reasonable doubt that any of the occupants of the Cadillac in question, in fact, were in the hardware store at the time of the alleged theft.

Mere presence at the scene of a crime is insufficient to prove the defendant guilty. *People v Johnson,* 4 Mich App 205, 206 (1966). In reversing the conviction, the Court in that case, at page 207, said:

"We find no evidence in the record which supports a conclusion that negatives every reasonable theory consistent with the defendant's innocence. See *People v Spann* (1966) 3 Mich App 444, and the cases cited therein. We perceive this to be the measure of guilt beyond a reasonable doubt."

In *People v Burrel,* 253 Mich 321 (1931) the Court reversed a conviction of statutory rape on the grounds that the mere presence of Burrel in the car in which the statutory rape was committed was not sufficient to make him an aider or abettor pursuant to the applicable Michigan statute MCLA 767.39; MSA 29.977. One accused of aiding and abetting a specific intent crime cannot be held as a principal unless he himself possessed the required specific intent or unless he aided or abetted another in the perpetration of that crime, knowing that the perpetrator had the required intent. *People v Poplar,* 20 Mich App 132 (1969).

We still have, however, the question of the defendant's fingerprint being found on the cashbox which was found abandoned on a side road. The law on fingerprint evidence is most aptly set forth in 28 ALR2d 1154, § 29:

"To warrant a conviction, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed."

The defendant's fingerprint was not found at the scene of the crime and certainly not "under such circumstances that they could only have been impressed at the time when the crime was committed". It is important to the disposition of the issue in this case to note that the stolen cashbox is a highly portable item which was found several miles from the place the crime was committed. We believe that the use of fingerprint evidence is adequately set forth in *People v Ware*, 12 Mich App 512 (1968), and *People v Harris*, 358 Mich 646 (1960).

There is no question that the evidence shows that the defendant was probably in the area of the hardware store in question when the larceny occurred and that on some occasion he touched the cashbox which was introduced at trial. We concede that there are factors that created a robust suspicion of the defendant and his activities on the date in question but we are led to the firm belief that there was no proof of the defendant's guilt of the crime in question beyond a reasonable doubt. Our examination of the record forces us to conclude that there was no proof on which to submit the question of the defendant's guilt or innocence beyond a reasonable doubt to the jury.

For the reasons set forth herein I would reverse and discharge the defendant.