## PEOPLE v BARNETT

CRIMINAL LAW—SEPARATE OFFENSES—SEPARATE TRIALS.

A person generally cannot be subjected to a single trial for two separate and distinct offenses not committed at the same time and not provable by the same evidence; therefore, a defendant charged with two separate offenses of delivery of a controlled substance committed at different times and demonstrable by different evidence is entitled to have separate trials on each of the offenses.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted November 13, 1975, at Lansing. (Docket No. 23468.) Decided December 3, 1975. Leave to appeal applied for.

Robert L. Barnett was convicted of delivery of a controlled substance. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. Brady Denton,* Prosecuting Attorney, for the people.

*George C. Bush,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, J. Defendant was convicted on two counts of delivering a controlled substance contrary to MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a).

Defendant claims the trial court erred by deny-

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 8, 182 *et seq.*

ing his motion to separate the two counts and grant individual trials. We agree.

The information charged the defendant in two separate counts of delivery of a controlled substance on two separate dates, October 11, 1973 and October 18, 1973.

2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 553, p 674, sets forth the general rule to be applied in these cases:

"The rule is equally well settled that, except as stated above, a person cannot be subjected to trial for two separate and distinct offenses at the same time. Where offenses were not committed at the same time, so they cannot be shown by the same evidence, an election is necessary. The rule which permits a prosecutor, under some circumstances, to go to the jury without an election on an information charging separate offenses, does not apply in such cases." (Citations omitted.)

This statement of law has been reiterated by our Supreme Court in *People v Andrus,* 331 Mich 535, 541; 50 NW2d 310, 313 (1951), and *People v Johns,* 336 Mich 617, 623; 59 NW2d 20, 23 (1953).

In the present case the two counts were separate offenses committed at different times and demonstrable by different evidence. The defendant was entitled to have separate trials on the two counts.

Reversed and remanded for a new trial.