a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Lawrence Ray Ellis, *in propria persona,* appellant. Reported below: 62 Mich App 109.

PEOPLE v ERNEST THOMAS. (Docket No. 57652.) Defendant has requested appointment of counsel under Administrative Order 1975–9, 395 Mich xliii. The request, the Court of Appeals record, and the trial court record have been considered. On order of the Court, the request is granted. Defendant shall file with Recorder's Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indigency within 20 days after receiving the affidavit. The challenge, if brought, shall be resolved at a hearing before Recorder's Court at which the prosecution, defendant, and the State Appellate Defender shall appear personally to aid the court's inquiry. Recorder's Court, upon a finding of indigency, shall appoint the State Appellate Defender and shall furnish any portion of the record counsel may require. Ernest Lee Thomas, *in propria persona,* appellant. Reported below: 59 Mich App 21.

IN THE MATTER OF SZYMANSKI. (Docket No. 57994.) The petition for interim suspension is denied. The complaint for superintending control and motion for stay of proceedings are considered, and because it appears that the examination already has occurred, the same hereby are denied as moot. *Brian J. McMahon* for Michigan Judicial Tenure Commission, petitioner. *Eli Friedman* and *Myron Alpert* for respondent.

WILLIAMS, J., not participating.

PEOPLE v TOBEY. (Docket Nos. 57462, 57463.) Motion to add issues is granted. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Senior Assistant Prosecuting Attorney, for the people, appellant. *O'Brien, Moran & Dimond* for defendant- appellee. Reported below: 60 Mich App 420.

PEOPLE v BARNETT. (Docket No. 57834.) Leave to appeal is considered, and, it appearing to the Court that the case of *People v Tobey* (Docket Nos. 57462, 57463) is presently pending on appeal before this Court and that the decision in that case may be decisive of the issue

raised in the present application for leave to appeal, it is ordered that the present application be held in abeyance pending decision in *People v Tobey*. The motion by defendant-appellee for bail pending appeal is considered, and the same hereby is denied without prejudice to the filing of such motion in Saginaw Circuit Court. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people, appellant. *George C. Bush* for defendant-appellee. Reported below: 66 Mich App 99.

OLZMANN v BOARD OF LAW EXAMINERS. (Docket No. 58069.) The petition for superintending control and motion for immediate consideration are considered, and the same are denied. Ronald Kurt Olzmann, *in propria persona,* petitioner. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jann Ryan Baugh,* Assistant Attorney General, for respondent.

APRIL 2, 1976

IN THE MATTER OF THE PROPOSED AMENDMENT OF GCR 1963, 516. On order of the Court, notice is hereby given pursuant to GCR 1963, 933, that the Supreme Court is considering the following proposal as an amendment to GCR 1963, 516, to read as follows (new matter in italics):

RULE 516. INSTRUCTIONS TO JURY.

.1–.7 (Unchanged.)

*.8 Criminal Jury Instructions.*

*(1) Michigan Criminal Jury Instructions to be Given. Except as provided in subrule 516.8(3), a trial judge shall give applicable Michigan Criminal Jury Instructions (CJI) upon request.*

*(2) Request for Instructions.*

*(a) When a party requests a CJI, he may request it by number or in full.*

*(b) When a party requests that a CJI be modified or omitted, he shall state on the record reasons why the CJI is erroneous, inadequate, or inapplicable.*

*(c) A party may request an instruction on a subject not included in the Michigan Criminal Jury Instructions, under subrule 516.1.*

*(3) Failure to Give a Michigan Criminal Jury Instruction. A trial judge's failure to give a CJI may not be raised as error if the trial judge has accurately and sufficiently instructed the jury, and*

*(a) if a party has not requested the CJI; or*