PEOPLE v PALACIOS

OPINION OF THE COURT

1. INDICTMENT AND INFORMATION—SEVERANCE OF CHARGES—CONSOLI-
   DATION OF CHARGES—JUDGE'S DISCRETION.

   Severance and consolidation of criminal charges are subject to
   the discretion of the trial court.

2. INDICTMENT AND INFORMATION—JOINDER OF COUNTS—JUDGE'S DIS-
   CRETION—SAME TRANSACTION—SAME FACTS—PREJUDICE.

   Joinder of criminal counts for one trial is not an abuse of judicial
   discretion and does not prejudice a defendant's defense where
   the offenses charged, though distinct in point of law, spring out
   of substantially the same transaction, or are so connected in
   their facts as to make them substantially parts of the same
   transaction, or a connected series of facts.

3. CRIMINAL LAW—WITNESSES—CREDIBILITY—PROSECUTOR'S REMARKS
   —CURATIVE INSTRUCTIONS.

   An assertion that a prosecutor improperly vouched for the credi-
   bility of his witnesses and injected extraneous social issues in
   closing argument is not reversible error where appropriate
   instructions would have cured any prejudice and such instruc-
   tions were not requested.

DISSENT BY R. B. BURNS, J.

4. INDICTMENT AND INFORMATION—JOINDER OF COUNTS—SEPARATE
   OFFENSES—DIFFERENT TIMES AND EVIDENCE—ERRORS.

   *Consolidation for trial of two counts of illegal delivery of narcot-
   ics is error where the two counts were separate offenses,
   committed at different times, and demonstrable by different
   evidence.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 228.
[2] 41 Am Jur 2d, Indictments and Informations § 213.
[3] 21 Am Jur 2d, Criminal Law § 333.
[4] 41 Am Jur 2d, Indictments and Informations §§ 221–225.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted January 4, 1977, at Grand Rapids. (Docket No. 25449.) Decided May 2, 1977.

Jacinto Palacios was convicted of delivery of and conspiracy to deliver cocaine. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Kyle J. Higgs,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Demetriou,* for defendant on appeal.

Before: BEASLEY, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

BEASLEY, J. A jury trial resulted in defendant's conviction on two counts of delivery of a controlled substance, cocaine,[1] and one count of conspiracy to deliver cocaine.[2] His sentence on each count was a concurrent prison term of not less than four nor more than seven years. Defendant now appeals of right.

Two issues are presented on appeal. First, defendant asserts that he was denied a fair and just trial because he was charged in one trial with two separate sales of cocaine. Second, defendant asserts that the prosecutor's closing remarks were so inflammatory that defendant's right to a fair trial was prejudiced. For the reasons stated below, we affirm.

The critical facts began on or about May 16, 1974, when two narcotics officers arranged to purchase a pound of cocaine from defendant and his

[1] MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b).
[2] MCLA 750.157a(a); MSA 28.354(1)(a).

associate.[3] On May 17, 1974, the four met as agreed, but only one ounce was delivered. Defendant again agreed to sell a pound of cocaine with delivery on the following May 20th. On that date, the four persons again met, but, once again, the defendant and his associate delivered only one ounce of cocaine. A further promise of defendant to deliver the pound in a few days was followed by defendant's arrest.

Defendant's acts led to the filing of two separate informations, each charging him with one count of conspiracy to deliver a controlled substance[4] and one count of delivery of a controlled substance.[5] After preliminary examinations had been held on the informations, the prosecutor moved to consolidate the matters for trial. Over defense objection, the trial judge granted the motion, and an amended information was filed which charged defendant with one conspiracy count and two delivery counts.

Defendant now argues that the two sales on the 17th and 20th were separate and distinct transactions which should have been the subject of two separate trials.[6]

---

[3] Defendant's associate was a co-defendant at trial. His conviction was affirmed by this Court in an unpublished memorandum opinion. *People v Brotzman*, Docket #24816, released 8/2/76.

[4] MCLA 750.157a(a); MSA 28.354(1)(a).

[5] MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b).

[6] After the motion to consolidate was granted, defendant argued at trial that the two sales constituted one transaction under *People v White*, 390 Mich 245; 212 NW2d 222 (1973), and should have been charged as one offense. This issue is not now before us. *People v George*, 375 Mich 262; 134 NW2d 222 (1965). However, we note that "one transaction", for purposes of double jeopardy, is closely related to, but different from, the question now before the Court. *See*, MCLA 767.76; MSA 28.1016; Kirchheimer, *The Act, The Offense and Double Jeopardy*, 58 Yale L J 513 (1949). *See also*, *White, supra*, 390 Mich 245, 258, fn 8 (1973), *Crampton v 54-A District Judge*, 397 Mich 489; 245 NW2d 28 (1976). We also note that, in the instant case, the resolution of this question would have a diminished practical effect

Severance of counts is subject to the discretion of the trial court. *People v Smyers,* 47 Mich App 61; 209 NW2d 281 (1973), *aff'd on other grounds,* 398 Mich 635; 248 NW2d 156 (1976). See also, MCLA 767.75; MSA 28.1015. Recent opinions of this court have reached differing results when exercises of this discretionary power have been reviewed; those opinions are now awaiting the decision of the Michigan Supreme Court.[7] However, the unique facts of this case come within the principles announced long ago by Justice CHRISTIANCY in *People v McKinney,*[8] a case often cited in this area. In *McKinney,* an embezzlement case, the Court said:

"As a general rule, in cases of felony, when it clearly appears, from the indictment or otherwise, that several entirely distinct felonies are intended to be charged and proved, the court will, in its discretion, either quash or compel the prosecutor to elect: and the same course is sometimes taken in misdemeanors where several offenses in no way connected are charged. But there is nothing technical in the rule; and in the exercise of this discretion the court will not be governed simply by the question whether several different offenses in point of law are charged and intended to be proved; but mainly, as a general rule, by the consideration whether the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of

since the sentence for each count was a concurrent sentence for exactly the same term of years.

[7] *See and compare: People v Smyers,* 47 Mich App 61; 209 NW2d 281 (1973), *lv granted,* 391 Mich 766 (1974), *aff'd on other grounds,* 398 Mich 635; 248 NW2d 156 (1976), *People v Tobey,* 60 Mich App 420; 231 NW2d 403 (1975), *lv granted,* 395 Mich 804 (1975), *People v Barnett,* 66 Mich App 99; 238 NW2d 208 (1975), *application for leave held in abeyance pending* decision in *Tobey, supra,* 396 Mich 957 (1976).

[8] 10 Mich 54 (1862).

any substantial right. And therefore where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant can not be prejudiced in his defense by the joinder, and the court will neither quash nor compel an election. Such would seem to be the principle of the general rule to be deduced from the cases.

In the present case the information charges apparently several offenses of the same kind; and if the evidence related to several substantially different and distinct transactions, it would have been a proper case for putting the prosecutor to his election. But from the bill of exceptions the evidence seems to show that all the charges grow out of, and relate to substantially the same transaction, and to make parts of one connected series of acts, and that it would be difficult to prove one of these charges without involving most if not all the evidence necessary to support the others."[9] (Citations omitted.)

The "general rule" mentioned in *McKinney* is exactly what the defendant is asserting here. However, the facts of this case fall within the balance of the Court's statement. Over a five-day period, defendant had a series of dealings with the same two narcotics officers. Those dealings had a single, unifying purpose: the sale of a pound of cocaine. That purpose was exemplified by the conspiracy count at trial and proof of that conspiracy count would naturally involve evidence concerning the two sales.[10] Therefore, we hold that the counts of the amended information sprang from the same connected series of facts and that the joinder of those counts did not prejudice defendant's defense. *People v McKinney, supra.*[11]

Defendant also asserts error based upon the

[9] 10 Mich 54, 95–96 (1862).

[10] *See also,* the statute on evidence of similar acts, MCLA 768.27; MSA 28.1050.

[11] Since the interconnection of facts in this case distinguishes it

closing remarks of the prosecutor. Among other things, defendant asserts that the prosecutor improperly vouched for the credibility of his witnesses and injected extraneous social issues. Extended elaboration of these remarks is unnecessary because, although we do not condone everything that was said by the prosecutor, we hold that defendant's assertions are answered by *People v Hall,* 396 Mich 650, 655; 242 NW2d 377 (1976).

Affirmed.

J. H. GILLIS, J., concurred.

R. B. BURNS, J. *(dissenting).* I must dissent.

Defendant was charged with two counts of delivery of a controlled substance and one count of conspiracy to deliver a controlled substance, contrary to MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b), and MCLA 750.157a(a); MSA 28.354(1)(a), respectively, arising from events transpiring on May 16 and 20, 1974.

The prosecution moved to consolidate the trials and the motion was granted. The defendant was found guilty on all three charges and appeals.

Defendant claims that the trial court erred by consolidating the two counts of delivery for trial as they were two separate offenses.

In *People v Barnett,* 66 Mich App 99; 238 NW2d 208 (1975), this Court held that where two counts were separate offenses committed at different times and demonstrable by different evidence the defendant was entitled to have separate trials on the two counts.

In this case the trial court erred by consolidating the two counts for delivery and by holding one trial.

I would reverse and remand for a new trial.

---

from *People v Tobey, supra,* and *People v Barnett, supra,* we express no opinion concerning the holdings of those cases.